NEVADA TAX COMMISSION, Appellant, v. SOUTH-WEST GAS CORPORATION, Respondent.

No. 6593

May 19, 1972 497 P.2d 308

*Robert List,* Attorney General, and *Irwin Aarons,* Deputy Attorney General, for Appellant.

*Guild, Hagen & Clark* and *Jack B. Ames,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This appeal is from a judgment in an action brought by Southwest Gas to recover taxes paid under protest. At issue is whether the Nevada Tax Commission properly applied its valuation formula for property tax assessment purposes to Nevada Northern Gas Company for the 1963–64 tax year.[1] Following a trial de novo, the district court found an improper application of formula which caused an excessive tax in the amount of $20,457. Southwest Gas was given judgment for that amount and this appeal followed.

---

[1] On December 31, 1963, Nevada Northern merged into Southwest Gas.

The formula adopted by the Commission to fix the value of gas and gas pipeline companies for assessment purposes requires the proper weighting of three indicators of value when available and applicable. Those indicators of value are the book cost less depreciation of the properties, the capitalized income at a reasonable rate, and the market value of the stock and debt. The formula per se is appropriate. State v. Nevada Power Co., 80 Nev. 131, 390 P.2d 50 (1964). The application of it to the properties of Nevada Northern was challenged in the district court for the reason that the Tax Commission utilized only the book cost less depreciation indicator of value in assessing Nevada Northern's gas pipelines. The capitalized income and stock and debt indicators of value were not used in making the assessment. It was and is the Commission's position that those indicators of value were neither available nor applicable since Nevada Northern had no income during the tax year in question, and had not traded stock. The taxpayer contends that all three indicators of value were "available and applicable" notwithstanding the absence of income and stock trading, and should have been utilized and properly weighted in the assessment process. The trial court was persuaded to adopt the taxpayer's contention, imputed an income where none existed, and inferred a market value for the taxpayer's stock though none had been traded. The court's decision rests upon the testimony given by the taxpayer's expert witness to the effect that it was good appraisal practice to impute income and infer stock market value in the circumstances here present. That testimony was controverted by witnesses for the Commission who believed that the capitalization of income indicator of value and the stock-debt indicator were unreliable in circumstances where the income had to be imputed and the market value of the stock inferred.

1.    The parties agree that it is the taxpayer's burden to show by clear and satisfactory evidence that the valuation established by the Commission is unjust and inequitable. NRS 361.410(2); NRS 361.430. This burden is not met unless the court can find that the Tax Commission applied a fundamentally wrong principle, or refused to exercise its best judgment, or that the assessment was so excessive as to give rise to an implication of fraud or mala fides. Pittsburg Silver Peak v. Tax Commission, 49 Nev. 46, 55, 235 P. 643 (1925). The taxpayer does not here contend that the Commission is chargeable with fraud or bad faith, nor does it suggest that the Commission failed to

exercise its best judgment. The thrust of the taxpayer's position, below and here, is that the Commission applied a fundamentally wrong principle in that it failed to utilize all three indicators of value in the assessment process. We are told that the testimony of its expert witness constitutes substantial evidence of a clear and convincing nature in support of this proposition, and that we may not, therefore, set aside the trial court ruling.

At best, the valuation of property is an illusory matter upon which experts hold differences of opinion. As a general proposition, the taxpayer's burden of proof is not met by merely showing a difference of opinion between witnesses and the assessing authority. Chicago and North Western Railway Co. v. Prentis, 161 N.W.2d 84 (Iowa 1968). There exists no absolute mathematical formula to establish market value. Indeed, the formula adopted by the Tax Commission for the assessment of gas and gas pipeline companies requires only that the three indicators of value, properly weighted, be considered "when available and applicable." The very existence of the phrase "when available and applicable" points to a recognition that some of those indicators of value may not appropriately be utilized in certain limited situations. That phrase leaves room for the exercise of reasonable judgment by the assessing authority. It is our opinion that the Tax Commission and staff reasonably could conclude that the capitalization of income and stock-debt indicators of value were not "available and applicable" in the circumstances here present, and that the expert testimony offered by the taxpayer that such indicators of value could have been used through the processes of imputation and inference does not constitute clear, convincing and substantial evidence that the Commission applied a fundamentally wrong principle in ascertaining value. Pittsburgh Silver Peak v. Tax Commission, supra.

2. Although the taxpayer suggests the possible existence of a constitutional problem in this case, we perceive none.

Reversed.

BATJER, MOWBRAY, and GUNDERSON, JJ., concur.

CHRISTENSEN, D. J., dissenting:

This suit was brought by Southwest Gas Corporation to recover property taxes paid under protest for the 1963–64 tax year. The excessive taxes paid under protest were levied in part against Southwest Gas Corporation with the balance having

been levied against Nevada Northern Gas Company, which subsequently merged with Southwest Gas Corporation.

After a trial by the court, judgment was entered for respondent on February 9, 1971, for the sum of $30,202.34.

The general basis of complaint by respondent was improper valuation of property for tax assessment purposes by the Nevada Tax Commission.

Appellant does not quarrel with the excessive levy against Southwest Gas Corporation, and concedes as proper that portion of the trial court's judgment.

Appellant here contends that the valuation as to Nevada Northern Gas Company by the Nevada Tax Commission was proper and that there was not sufficient evidence to support the judgment of the trial court. Appellant urges proper application of indicators of value by the Nevada Tax Commission and respondent urges excessive valuation resulting from improper application of indicators of value in violation of the formula adopted by the Commission for computing the value for assessment purposes of gas and gas pipeline companies, and in violation of the Nevada Constitution art. 10, § 1, which requires uniform and equal assessment.[1]

The specific formulae adopted by the Tax Commission (Defendant's Exhibit 1) states:

"In fixing the value for assessment purposes of electric, gas and gas pipeline; telephone and telegraph and water companies the following indicators of value properly weighted, shall be considered when available and applicable:

(a) Book cost less depreciation of properties.

(b) Capitalized income at a reasonable rate.

(c) Market value of stock and debt, less investments and other deductions."

On the date of valuation, Nevada Northern Gas Company had a franchise and physical assets, just purchased and installed, but its regular gas distribution business had not yet been commenced. The only indicator of value utilized in assessment was book cost less depreciation of properties weighted 100 percent.

The presumption stated in NRS 47.250(9) that an official duty has been regularly performed, remains until or unless it is controverted by other evidence which makes this type presumption a shifting of the burden to go forward with evidence.

[1]"The Legislature shall provide by law for a uniform and equal rate of assessment and taxation, and shall prescribe such regulation as shall secure a just valuation and taxation of all properties, real, personal, and possessory. . . ."

The burden of proof which requires proofs by "clear and satisfactory evidence" is a trial court standard, as are proof by "preponderance of evidence" or "beyond a reasonable doubt." Since any of these three degrees of proof amount to the convincing of the mind of the trier of fact, they may not be reviewed on appeal if there is any evidence with probative force which convinces the mind of the trier of fact.

The rebuttable presumption running in favor of the Nevada Tax Commission was overcome with the evidence presented in the trial court by respondent. The appraiser, Mr. Broley E. Travis, called as a witness by respondent, clearly showed that it was improper to give 100 percent weight to book cost less depreciation of properties as an indicator of value. Failure to take into consideration "capitalized income at a reasonable rate" or "market value of stock and debt less investment and other deductions" as indicators of value resulted in unjust and inequitable evaluation and resulting tax. It is obvious that other indicators of value, in addition to book cost less depreciation of properties are necessary, because of the factors which distort this one single indicator of value. Cash value under many circumstances is disproportionate to cost.

Where property has been depreciated to zero or thereabouts, but has many years of useful life remaining, it would be absurd to say that its cash value for assessment purposes is zero. On the other hand, if property is new, but not yet in production, its cash value may or may not be its cost, particularly when the property is production machinery that may or may not produce a sufficient return to make its value equal to its cost.

Because the evidence presented below, mainly in the form of expert witness testimony, was sufficient to support the findings of the trier of fact, this court should not reverse that judgment on appeal. Moreover, assessed valuation based upon book cost less depreciation alone, as in this case, violates Section 1, Article 10 of the Nevada Constitution which requires a uniform and equal rate of assessment and taxation.