THE STATE OF NEVADA, On Relation of its Department of Highways, Appellant and Cross-Respondent, v. A. TACCHINO, also known as ANDREA TACCHINO, Respondent and Cross-Appellant.

No. 7890

THE STATE OF NEVADA, On Relation of its Department of Highways, Appellant and Cross-Respondent, v. ANDREA TACCHINO and MARIA TACCHINO, husband and wife, Respondents and Cross-Appellants.

No. 7891

May 13, 1976                    549 P.2d 755

*Robert List,* Attorney General, and *Melvin L. Beauchamp,* Chief Counsel, Department of Highways, for Appellant and Cross-Respondent.

*Woodburn, Forman, Wedge, Blakey, Folsom and Hug,* and *Gordon H. DePaoli,* of Reno, for Respondents and Cross-Appellants.

## OPINION

*Per Curiam:*

These consolidated condemnation actions have, since 1969, twice been tried and judgments entered upon jury verdicts. At the conclusion of the first trial the jury returned its verdict for $396,402.28 in one case, and for $182,976.98 in the other. The Tacchinos appealed and the judgments were set aside and

the causes remanded for another trial. Tacchino v. State ex rel. Dep't Hwys., 89 Nev. 150, 508 P.2d 1212 (1973). Greater compensation was awarded the Tacchinos by the second jury, $557,121.50 in one case, and $253,632.50 in the other, an improvement of $231,374.74 in total amount. Still, neither litigant is satisfied. The State had appealed, asserting prejudicial error with regard to technical aspects of appraisal testimony submitted on behalf of the Tacchinos. This is appeal case No. 7890. The Tacchinos have cross-appealed contending that the jury should have awarded greater compensation and ask that we increase the awards without remanding for a costly third trial. We find no merit to either the appeal or cross-appeal, and see no useful purpose, at this juncture, in writing a lengthy opinion concerning the alleged errors assigned by each party which center upon their divergent interpretations of our opinion on the first appeal. We are satisfied that the district court correctly applied the intendment of that opinion to the retrial of the causes.

Moreover, we heretofore have recognized that the valuation of property is an illusory matter for which there exists no absolute mathematical formula. Nevada Tax Comm'n v. Southwest Gas Corp., 88 Nev. 309, 497 P.2d 308 (1972). Since the jury awards fall within the range of the expert testimony received, we shall not disturb them. Dep't of Highways v. Campbell, 80 Nev. 23, 388 P.2d 733 (1964); St. ex rel. Dept. Highways v. Olsen, 76 Nev. 176, 351 P.2d 186 (1960).

The judgments are affirmed.