ELDRIN EDWARD MEYER v.
COMMISSIONER OF HIGHWAYS.

166 N. W. (2d) 717.

March 28, 1969—No. 41351.

*Douglas M. Head,* Attorney General, *Norman R. Carpenter,* Deputy Attorney General, and *Charles R. Hall,* Special Assistant Attorney General, for appellant.

*Robert H. Simons,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

PER CURIAM.

This is an appeal by the State of Minnesota from an order of the district court vacating an order of the highway commissioner which revoked respondent's driver's license. The issue is whether under Minn. St. 171.17(6), if one or more of three convictions for speeding result from the use of a *chauffeur's* license, a revocation of the offender's *driver's* license is authorized. We hold that it is.

Section 171.17(6) provides:

"The department shall forthwith revoke the license of any driver

upon receiving a record of such driver's conviction of any of the following offenses:

\* \* \* \* \*

"(6) Conviction, plea of guilty, or forfeiture of bail not vacated, upon three charges of careless or reckless driving, or illegal speeding committed within a period of 12 months."

Minn. St. 171.01 deals with drivers' licenses and provides in part as follows:

"Subdivision 1. Unless the language or context clearly indicates that a different meaning is intended, the following words, terms, and phrases, for the purposes of this chapter, shall be given the meanings subjoined to them.

\* \* \* \* \*

"Subd. 6. Driver. Every person, other than a chauffeur, who drives or is in actual physical control of a motor vehicle upon a highway.

"Subd. 7. Chauffeur. Every person who is employed for the principal purpose of operating a motor vehicle, and every person who drives a motor vehicle while in use as a carrier of persons or property for hire."

Respondent was convicted of three speeding violations within a period of 12 months. One of them was committed while he was operating with a chauffeur's license. He argues that because § 171.17 has to do only with the revocation of a driver's license and not a chauffeur's license, the provisions of par. (6) must be read to apply only to convictions committed while operating with a driver's license. We do not agree.

Paragraph (6) is silent as to whether the violations must occur while using a driver's license or whether they apply to offenders using a chauffeur's license as well. The convictions, and subsequent revocation, do not affect defendant as a chauffeur but simply require that he be examined and file proof of financial responsibility before again being allowed to operate a vehicle as a driver. Minn. St. 171.29, 170.36. We construe the words "such driver's conviction," contained in the preamble of § 171.17, to specify the capacity in which the person convicted is to have his license revoked. It merely identifies the operator affected.

Although the legislature undoubtedly did not consider the problem, had it done so we believe it would have regarded a speeding chauffeur as no less hazardous than a speeding driver. The purpose of the statute is to require examination of, and proof of financial responsibility by, one who has acted irresponsibly while operating a motor vehicle. Arguably, three speeding violations evidence greater indifference to public safety when committed by a chauffeur than by a driver. While chauffeurs owe a duty

524

to exercise ordinary care for other drivers and pedestrians, their obligation to the passengers they transport for hire is even more exacting.

Be that as it may, we have concluded that in the absence of any specific language in § 171.17(6), the broad purposes of the statute are better served by requiring examination and proof of financial responsibility in whatever capacity an individual is convicted of three speeding violations within a period of 12 months.

The judgment of the district court is therefore reversed.

Reversed.