NEVADA STATE DEPARTMENT OF MOTOR VEHI-CLES, HOWARD HILL, DIRECTOR; AND DRIVERS LICENSE DIVISION, WILLIAM A. FITZPATRICK, CHIEF, APPELLANTS, *v.* LIZEOLA TURNER, RESPONDENT.

No. 7050

November 20, 1973                    515 P.2d 1265

*Robert List,* Attorney General, and *Richard J. Bortolin,* Deputy Attorney General, Carson City, for Appellants.

*Thomas L. Leen,* Clark County Legal Services Program, Las Vegas, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Lizeola Turner's Nevada driver's license was suspended on April 19, 1971, by the Nevada State Department of Motor Vehicles, for accumulating demerits under the demerit point system in excess of the statutory maximum prescribed by NRS 483.470(8). The department took such action after Turner had received demerits for each of 4 speeding violations between June 30, 1970, and April 19, 1971.

This suspension was terminated on June 30, 1971, when Turner filed proof of financial responsibility in the form of a liability insurance policy with the department. Since this filing fulfilled the requirements of the Motor Vehicle Safety Responsibility Act, chapter 485 of the Nevada Revised Statutes, Turner's driver's license was reinstated on July 7, 1971.

On February 7, 1972, the department again suspended Turner's driver's license when the insurance policy lapsed and Turner was unable to continue proof of financial responsibility. This second suspension was for 3 years or until Turner again filed and maintained proof of financial responsibility with the department.

Thereafter, on February 16, 1972, Turner filed a petition for review of the department's action in the Eighth Judicial District Court. On June 22, 1972, the trial judge ordered the department to reinstate Turner's driver's license, holding the provisions of chapter 485 of the Nevada Revised Statutes inapplicable to suspensions imposed under the demerit point system of NRS 483.470(8).

The sole issue with which this court is concerned is whether

the provisions of NRS 485.306 of the Motor Vehicle Safety Responsibility Act[1] apply to drivers' license suspensions imposed under NRS 483.470(8).[2] We hold that those provisions do apply, and we therefore reverse the ruling of the trial judge. A brief review of the legislative history of both provisions supports this result.

In 1941, the Nevada Legislature enacted chapter 6 of the Uniform Vehicle Code, dealing with drivers' licenses. See chapter 483 of NRS. It amended this chapter in 1963 by adding the recommended provisions of the demerit point system, NRS 483.470, which was established for the purpose of identifying habitually reckless or negligent drivers or habitual or frequent violators of traffic regulations. Suspension of drivers' licenses had already been authorized for such drivers and violators.

In 1949, the Nevada Legislature enacted chapter 7 of the

---

[1]NRS 485.306:

"1.  Whenever the [drivers' license] division, under any law of this state, suspends or revokes the license of any person upon receiving a record of a conviction or a forfeiture of bail, the division shall also suspend the registration for all motor vehicles registered in the name of such person, except that it shall not suspend such registration, unless otherwise required by law, if such person has previously given or shall immediately give and thereafter maintain proof of financial responsibility with respect to all motor vehicles registered by such person.

"2.  Such license and registration shall remain suspended or revoked and shall not at any time thereafter be renewed, nor shall any license be thereafter issued to such person, nor shall any motor vehicle be thereafter registered in the name of such person until permitted under the motor vehicle laws of this state and not then unless and until he shall give and thereafter maintain proof of financial responsibility.

"3.  If a person is not licensed, but by final order or judgment is convicted of or forfeits any bail or collateral deposited to secure an appearance for trial for any offense requiring the suspension or revocation of a license,.or for operating a motor vehicle upon the highways without being licensed to do so, or for operating an unregistered motor vehicle upon the highways, no license shall be thereafter issued to such person and no motor vehicle shall continue to be registered or thereafter be registered in the name of such person until he shall give and thereafter maintain proof of financial responsibility.

"4.  Whenever the division suspends or revokes a nonresident's operating privilege by reason of a conviction or forfeiture of bail, such privilege shall remain so suspended or revoked unless such person shall have previously given or shall immediately give and thereafter maintain proof of financial responsibility."

[2]NRS 483.470, subsection 8:

"8.  Whenever any licensee has accumulated 12 demerit points the department [of motor vehicles] shall suspend the license of such licensee until the total of his demerits has dropped below 12 demerits in the next preceding 12 months."

Uniform Vehicle Code as Nevada's Motor Vehicle Safety Responsibility Act, chapter 485 of NRS. This act was amended in 1957 by adding a new section that prohibits reinstating a license suspended "under any law of this state", unless the person whose license was suspended gives and maintains proof of financial responsibility.

It was the express intention of the National Committee on Uniform Traffic Laws and Ordinances in preparing the Uniform Vehicle Code that those provisions requiring proof of financial responsibility prior to the reinstatement of a license suspended under any laws of the state should be read in conjunction with and apply to suspensions under the demerit point system. Uniform Vehicle Code § 7–304, n. 3 (1968 version). Since the Nevada Legislature enacted provisions identical to those recommended by the National Committee, variations occurring only where it was necessary to conform the Code to existing state law or the style of Nevada Revised Statutes, it follows that the Legislature also adopted this intent. The law of other jurisdictions supports this conclusion. Meyers v. State Comm'r of Highways, 166 N.W.2d 717 (Minn. 1969); Danner v. Hass, 134 N.W.2d 534 (Iowa 1965); 33 Iowa L.Rev. 522, 533 (1948).

The established law in this State that legislative acts are to be construed so that all parts thereof are harmonious authorizes the 3-year license suspension under NRS 485.3099, even though NRS 483.490 limits the length of time licenses may be suspended under chapter 483 to 1 year. Board of County Comm'rs v. Schmidt, 39 Nev. 456, 157 P. 1073 (1916). The provisions of each chapter apply independently to violations of each respective chapter. Under chapter 483, a suspension is created because of violation of traffic laws; under chapter 485, a refusal to reinstate occurs because of a failure to file proof of financial responsibility and maintain such proof for the statutory period.

It was therefore error for the lower court to conclude that the provisions of chapter 485 of NRS did not apply to chapter 483; accordingly, we reverse the decision of the lower court.

THOMPSON, C. J., and GUNDERSON, BATJER, and ZENOFF, JJ., concur.