JACK LONG, AS AN INDIVIDUAL, AND THE INDEPENDENT AMERICAN PARTY, A QUALIFIED POLITICAL PARTY IN THE STATE OF NEVADA, PETITIONERS, *v.* WILLIAM D. SWACKHAMER, SECRETARY OF STATE, AND STATE OF NEVADA EX REL. ROBERT LIST, ATTORNEY GENERAL, RESPONDENTS.

No. 7813

July 31, 1975          538 P.2d 587

*James F. Sloan,* Reno, for Petitioners.

*Robert List,* Attorney General, *Robert A. Groves* and *William E. Isaeff,* Deputy Attorneys General, Carson City, for Respondents.

## OPINION

*Per Curiam:*

Jack Long and the Independent American Party sought mandamus in this court to compel the Secretary of State to accept and file Long's declaration of candidacy for the office of lieutenant governor. We ordered the issuance of a peremptory writ of mandamus, but, because of the exigencies presented, we reserved the filing of an opinion to a later date.

Long, a resident of Nevada for more than 5 years and a qualified Nevada elector, attempted to file his candidacy for the office of lieutenant governor in the Nevada general elections as a representative of the Independent American Party. Long was qualified to file for the office pursuant to NRS 224.010.[1] However, the Secretary of State refused to accept his candidacy on the ground that Long, who had been a Republican, had changed his party affiliation after September

---

[1] NRS 224.010:

"No person shall be eligible to the office of lieutenant governor unless:

"1. He shall have attained the age of 25 years at the time of such election; and

"2. He is a qualified elector and has been a citizen resident of this state for 2 years next preceding the election."

1, 1973. NRS 293.176.[2] Since the Independent American Party had not become qualified as a political party in Nevada until June 25, 1974, we find the statute inapposite, and conclude that the Secretary of State erred in refusing to accept Long's candidacy for that reason.

Petitioners have suggested that, since Long was the only candidate filing for the office of lieutenant governor on the Independent American Party ticket, his name would not appear on the primary ballots, and he was therefore exempt from the proscriptions of NRS 293.176, which is directed to primary elections only.[3] However, by placing emphasis on the "primary election" language of the statute, Respondent Secretary of State was faced with an impossible situation. For instance, had he accepted Long's filing on July 12, several days before the filings closed, he would have been in error. On the other hand, by not accepting Long's filing and had no one else filed, he was in error.

We believe, and so hold, that NRS 293.176 has no application at all to a new political party coming into existence after September 1 of the preceding year.

A qualified political party that has met standards for qualification should be afforded an opportunity to express its views at election time through its candidates.

NRS 293.127 provides:

"This Title [Title 24, *Elections*, of NRS] shall be liberally construed to the end that all electors shall have an opportunity

---

[2]NRS 293.176 provides:

"No person may be a candidate for a party nomination in any primary election if he has changed the designation of his political party affiliation on an official affidavit of registration in the State of Nevada or in any other state since September 1 prior to the closing filing date for such election."

[3]NRS 293.260 provides:

"1.   Where there is no contest for nomination to a particular office, neither the title of the office nor the name or names of the candidates shall appear on the ballot.

"2.   If only one political party has candidates for an office or offices, the candidates of such party who receive the highest number of votes at such primary, not to exceed twice the number to be elected to such office or offices at the general election, shall be declared the nominees for the office or offices.

"3.   *Where no more than the number of candidates to be elected have filed for nomination for any office, the names of such candidates shall be omitted from all primary election ballots.*" (Emphasis added.)

to participate in elections and that the real will of the electors may not be defeated by an informality or by failure substantially to comply with the provisions of this Title with respect to the giving of any notice or the conducting of an election or certifying the results thereof."

The right of citizens to associate and organize for the advancement of their political beliefs, and the right of voters, regardless of their political persuasion, to cast their votes as they wish, are two of our most precious freedoms, protected by the First and Fourteenth Amendments to the Constitution of the United States. See Williams v. Rhodes, 393 U.S. 23, 30 (1968). NRS 293.176 has no application to one in the position of Petitioner Long. For these reasons, we heretofore entered the order granting a peremptory writ of mandate compelling Respondent Secretary of State to accept and file the declaration of candidacy for the office of lieutenant governor of the State of Nevada.