FIRST AMERICAN TITLE COMPANY OF NEVADA, AS SUCCESSOR TO NEVADA TITLE AND GUARANTY COMPANY, APPELLANT, *v.* THE STATE OF NEVADA, COUNTY OF DOUGLAS, AND THE NEVADA STATE TAX COMMISSION, RESPONDENTS.

No. 7892

December 30, 1975                    543 P.2d 1344

*Vargas, Bartlett & Dixon,* and *Albert F. Pagni,* Reno, for Appellant.

*Robert List,* Attorney General, *James D. Salo,* Deputy Attorney General, and *Howard D. McKibben,* District Attorney, Douglas County, for Respondents.

## OPINION

*Per Curiam:*

Appellant paid, under protest, property taxes on land located in Douglas County. Subsequent to payment, appellant instituted this action attacking the assessed valuation of the property, pursuant to NRS 361.420.[1] The district court granted respondent's motion to dismiss because appellant failed to challenge the valuation before the county and state boards of equalization, before filing suit, as required by NRS 361.410(1).

Appellant here contends that compliance with NRS 361.-410(1) is not a condition precedent to filing suit under NRS 361.420, because the latter states a separate and distinct remedy. We disagree.

NRS 361.410(1) provides:

"No taxpayer shall be deprived of any remedy or redress in a court of law relating to the payment of taxes, *but all such actions shall be for redress from the findings of the state board of equalization, and no action shall be instituted upon the act of a county assessor or of a county board of equalization or the Nevada tax commission until the state board of equalization has denied complainant relief.* Nothing herein shall be deemed

---

[1]NRS 361.420 provides in most material part:

"1. Any property owner whose taxes exceed the sum of $300 and are in excess of the amount which such owner claims justly to be due may pay each installment of taxes as it becomes due under protest in writing, which protest shall be in triplicate and filed with the county treasurer at the time of the payment of the installment of taxes. . . .

"2. The property owner, having protested the payment of taxes as provided in subsection 1, may commence a suit in any court of competent jurisdiction in the State of Nevada against the state and county in which the taxes were paid, and, in a proper case, the Nevada tax commission may be joined as a defendant for a recovery of the difference between the amount of taxes paid and the amount which such owner claims justly to be due, and such owner may complain upon any of the grounds contained in subsection 4. . . ."

to prevent a proceeding in mandamus to compel the placing of nonassessed property on the assessment roll." (Emphasis added.)

Appellant's suggested interpretation of NRS 361.420 would be inconsistent with the rule of statutory construction requiring legislative acts to be harmoniously construed. See: Nevada State Dep't Motor Vehicles v. Turner, 89 Nev. 514, 515 P.2d 1265 (1973). Furthermore, it would contravene the well-established rule that administrative remedies must be exhausted prior to seeking judicial relief. State v. Sadler, 21 Nev. 13 (1890). The "exhaustion doctrine" is sound judicial policy. If administrative remedies are pursued to their fullest, judicial intervention may become unnecessary. Had appellant sought relief before the respective boards of equalization, he may well have been granted the relief he now seeks in the first instance by judicial intervention.

Appellant's suggested interpretation, from a practical standpoint, would circumvent NRS 361.410(1) in any case involving a contested tax exceeding $300.00. The language of NRS 361.420 does not create an exception to the "exhaustion doctrine," and we decline to impose such an exception. Cf. Westinghouse Electric Corp. v. County of Los Angeles, 116 Cal. Rptr. 742 (Cal.App. 1974).

Affirmed.