GRAY LINE TOURS OF SOUTHERN NEVADA, INC., A NEVADA CORPORATION, PETITIONER, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, RESPONDENT.

No. 14438

March 1, 1983

659 P.2d 304

*Beckley, Singleton, DeLanoy & Jemison,* Las Vegas, for Petitioner.

*Greenman, Goldberg & Raby,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This petition for writ of prohibition challenges the order of the district court denying petitioner's motion to dismiss.

In March of 1982, Bonnie Springs Ranch, Inc. (real party in interest) filed a complaint with the Public Service Commission (PSC). The complaint alleged that petitioner Gray Line Tours had violated NRS Chapter 706,[1] and its certificate of public convenience and necessity, by discontinuing service to Bonnie Springs' place of business. Pursuant to NRS 703.310 and Nev. Admin. Code § 703.635, the complaint was sent to the PSC's Division of Consumer Relations (hereinafter referred to as the "division"). The division forwarded the complaint to Gray Line and requested a written reply.

Shortly thereafter, Gray Line filed its answer with the division explaining its reasons for declining to operate daily sightseeing tours. On May 19, 1982, the director of the division wrote a letter to the attorney for Bonnie Springs with regard to the complaint. The letter explained that Gray Line was not required under the terms of its tariff to provide daily scheduled tours to Bonnie Springs' place of business.[2] Dissatisfied with this response, Bonnie Springs filed a complaint in district court against Gray Line and the PSC seeking judicial review. The complaint referred to the above letter and requested that this "order" of the PSC be set aside as unreasonable.

Gray Line moved to dismiss Bonnie Springs' complaint, contending that the district court lacked jurisdiction to review the action of the division. The district court denied the motion, and this petition for a writ of prohibition followed.

NRS 706.706(1) authorizes judicial review of "an order of the commission fixing any rate or rates . . . or any order fixing

---

[1]NRS Chapter 706 regulates motor vehicle carriers. Specifically, Bonnie Springs contended that Gray Line had violated NRS 706.341.

[2]The body of the letter read:

This is in response to the above-captioned complaint regarding Gray Line Tours of Southern Nevada and their service to Bonnie Springs Ranch and Old Nevada.

Please be advised that the company does not offer a daily, scheduled tour to Old Nevada and is not required to do so under the terms of its tariff. However, Gray Line is willing and able to provide on-call service to Old Nevada in charter and special services, pursuant to its certificate and in accordance with the terms and provisions of its tariff.

The Commission's legal staff has determined that the company has not demonstrated a specific refusal of a request for transportation service, but has, in effect, discouraged service by giving erroneous information to the inquiring public. Please be assured that the management of Gray Lines has been specifically advised by this Commission that they must either honor requests for such transportation service or remove itself from that specific offering of the sightseeing tariff.

If you have any questions, or if we can be of assistance in the future, please contact us.

any regulations, practices or services."[3] Petitioner contends that the letter from the division was not an "order of the commission" within the meaning of NRS 706.706(1). Furthermore, petitioner contends that Bonnie Springs is precluded from seeking judicial review because it has failed to exhaust its administrative remedies. *See* First Am. Title Co. v. State of Nevada, 91 Nev. 804, 543 P.2d 1344 (1975). We agree with both contentions.

The letter written by the division was not an "order of the commission" within the contemplation of NRS 706.706(1). *See* Public Serv. Comm'n v. Community Cable, 91 Nev. 32, 530 P.2d 1392 (1975) (interpretation of "order of the commission" as used in NRS 704.540, which provides for judicial review of decisions affecting public utilities). In addition, NRS 703.310 and Nev. Admin. Code § 703.635 clearly contemplate further administrative review of consumer complaints if the division has failed in its attempts at informal resoulution.[4] Bonnie Springs' remedy in this case was to communicate to the division its dissatisfaction with the letter, so that the division could "transmit the complaint and its recommendations to the commission" for further investigation and disposition by the commission. NRS 703.310(1).

Because the division's letter was not a judicially reviewable "order of the commission," and because Bonnie Springs did not exhaust its available administrative remedies, the district court is without jurisdiction, and petitioner's motion to dismiss should have been granted. Prohibition is an appropriate remedy. *See* Public Service Comm. v. Court, 61 Nev. 245, 123 P.2d 237 (1942).

Accordingly, we grant the writ of prohibition.

---

[3]NRS 706.706(1) provides:

1. Any party in interest being dissatisfied with an *order of the commission* fixing any rate or rates . . . or any order *fixing any regulations, practices or services,* may within 90 days commence an action in the proper district court against the commission and other interested parties as defendants to vacate and set aside any such order on the ground that the rate fixed in such order is unlawful or unreasonable, or that any such regulation, practice or *service fixed in such order is unreasonable.* [Emphasis added.]

[4]NRS 703.310 provides that if the division is unable to resolve a complaint, "the division shall transmit the complaint and its recommendation to the commission," and the commission may then investigate and hold a hearing on the complaint.

Nev. Admin. Code § 703.635, which contains Rule 8 of the PSC's internal rules of practice, provides that written complaints must be transmitted to the division, and "[i]f the complaint cannot be resolved to the satisfaction of the parties involved, the complaint and the division's recommendations will be transmitted to the commission for disposition."