OPINION

Per Curiam:

Petitioners in this original action, the Libertarian Party, the Independent American Party (“IAP”) and certain of their candidates, seek a writ of mandamus compelling respondents Cheryl Lau (“Lau”) (Nevada Secretary of State), Kathryn Ferguson (Clark County Registrar of Voters), and Marlene Henderson (Washoe County Registrar of Voters) to accept the candidates’ declarations of candidacy and place them on the ballot for the upcoming November general election.

FACTS

The Libertarian Party qualified as a minor party in Nevada in 1976, and the IAP re-qualified as a minor party in Nevada in 1992. On May 17, 1994, Joel Hansen, attorney for the IAP, wrote a letter to Lau discussing the scope of NRS 293.176(1), which precludes at least some candidates from changing their party affiliation after September 1 of the year preceding the general election. On or about May 25, 1994, in response to Hansen’s inquiry, a representative from the Secretary of State’s office orally informed the IAP and the Libertarian Party that NRS 293.176(1) does not apply to minor party candidates and that *1153 therefore, candidates who changed their party registrations to the IAP or to the Libertarian Party after September 1, 1993, would be permitted to run in the 1994 general election.
Thereafter, on June 1, 1994, Lau changed her position regarding the applicability of NRS 293.176(1) and issued Interpretation Number 94-03. This written interpretation states that NRS 293.176 applies to minor party candidates as well as major party candidates. Thus, Lau’s position is that minor party candidates cannot file for office and appear on the ballot for the upcoming general election if they were registered with another party as of September 1, 1993. Pursuant to Lau’s instructions, the Clark County Election Department refused to allow certain IAP and Libertarian candidates to file for office.[1] Additionally, the Washoe County Registrar of Voters refused to allow several IAP candidates to file for office.[2]

DISCUSSION

Petitioners IAP and the Libertarian Party argue that their candidates who were registered with a different party as of September 1, 1993, should be permitted to file for office and consequently appear on the ballot for the upcoming general election. Specifically, they assert that the party affiliation cutoff date set forth in NRS 293.176(1) does not apply to minor party candidates. We agree.[3]
NRS 293.176 provides as follows:
1. Except as otherwise provided in subsection 2, no person may be a candidate for a party nomination in any election if he has changed the designation of his political party affiliation on an official affidavit of registration in the State of Nevada or in any other state since the September 1 next preceding the closing filing date for the election, whether or not his previous registration was still effective at the time of the change in party designation.
*1154 2. The provisions of subsection 1 do not apply to any person who is a candidate for a party nomination of a political party which was not qualified as such on the September 1 next preceding the closing filing date for the election.
NRS 293.176(1) specifically pertains to “candidate[s] for a party nomination in any election.” “[W]ords in a statute should be given their plain meaning unless this violates the spirit of the act.” McKay v. Bd. of Supervisors, 102 Nev. 644, 648, 730 P.2d 438, 440 (1986). In addition, “‘no part of a statute should be rendered nugatory, nor any language turned to mere surplusage, if such consequences can properly be avoided.’ ” Paramount Ins. v. Rayson & Smitley, 86 Nev. 644, 649, 472 P.2d 530, 533 (1970) (quoting Torreyson v. Board of Examiners, 7 Nev. 19, 22 (1871)). The plain meaning of the phrase “candidate[s] for a party nomination in any election,” giving effect to each word, is that it applies only to those candidates who are nominated through an election process. Under Nevada’s election laws, major party candidates must be chosen through an election process (the primary election); minor parties are expressly prohibited from participating in primary elections. See NRS 293.175; NRS 293.1715. In lieu of a primary election, each minor party must provide, in its constitution or bylaws, “a procedure for the nomination of its candidates in such a manner that only one candidate may be nominated for each office.”[4] NRS 293.171(4). Based upon the plain meaning of NRS 293.176(1), only major party candidates are subject to the statutory cutoff date, as they are the only candidates required to be chosen through the election process.
Lau urges us to consider the legislative history of NRS 293.176(1). As NRS 293.176(1) is unambiguous, however, “ ‘there is no room for construction, and [we] are not permitted to search for its meaning beyond the statute itself.’ ” Charlie Brown Constr. Co. v. Boulder City, 106 Nev. 497, 503, 797 P.2d 946, 949 (1990) (quoting In re Walters’ Estate, 60 Nev. 172, 183-84, 104 P.2d 968, 973 (1940)). We conclude that the plain meaning of NRS 293.176(1) dictates that only major party candidates, those nominated through the election process, are subject to the party affiliation cutoff date. As the language in this provision is clear and unambiguous, we must look no further in determining its meaning.
Lau also claims that her opinion regarding the applicability of *1155 NRS 293.176(1), which is shared by the Attorney General, is entitled to deference. In Beenstock v. Villa Borega, 107 Nev. 979, 982, 823 P.2d 270, 272 (1991), we recognized that if a statute is ambiguous, the construction placed thereon by other coordinate branches of government is entitled to deference. Here, however, NRS 293.176(1) unambiguously applies only to major party candidates. Consequently, we afford Lau’s opinion, and that of the Attorney General, no deference.
Finally, Lau argues that, because NRS 293.176(2) excepts candidates of not-yet-qualified minor parties from the cutoff date, the cutoff date must, by implication, apply to candidates of minor parties that are qualified as of that date. We find this argument unpersuasive. As set forth above, NRS 293.176(2) provides that subsection 1 does not apply “to any person who is a candidate for a party nomination of a political party which was not qualified as such on the September 1 next preceding the closing filing date for the election.”
Prior to 1987, NRS 293.176 did not include subsection 2; this subsection was added by the legislature as a result of our opinion in Long v. Swackhamer, 91 Nev. 498, 538 P.2d 587 (1975). See 1987 Nev. Stat., ch. 318, § 3, at 691. In Long, the petitioner was an IAP candidate who was refused ballot access because he had changed his party affiliation to the IAP after September 1, 1973. The IAP, however, had not become qualified as a party until 1974. We concluded that “NRS 293.176 has no application at all to a new political party coming into existence after September 1 of the preceding year.” Long, 91 Nev. at 500, 538 P.2d at 589.
We decided Long on the ground that NRS 293.176 cannot apply to any party that is not qualified as a party on the September 1 cutoff date. Apparently, the legislature simply codified Long without considering any resulting implication that NRS 293.176(1) could apply to minor parties that are qualified on the cutoff date. Our holding in Long, however, demonstrates that NRS 293.176(2) concerns the timing of a party’s qualification, not the method by which its candidates are selected. It in no way makes NRS 293.176(1) applicable to minor party candidates.
For the foregoing reasons, we conclude that NRS 293.176(1) is inapplicable to minor party candidates and that respondents have an absolute duty to accept the individual petitioners’ declarations of candidacy.[5] A writ of mandamus is available to compel the performance of an act that the law requires as a duty and which results from an office, trust or station. NRS 34.160. Accordingly, we grant this petition.

 The IAP candidates are Wade Smith, Mary Ellen “Susie” Rosoff, Patricia Little, Gwen Doty, Dicksie Duke, Jesse Paul Howe, and Veronica Ann Hannerig. The Libertarian Party candidates are Gary Wood and Rob Prit-chard.

 These candidates are Jason Holloman, Linwood Tracy, Carol Radcliffe and Francis Gillings.

 In an order dated September 6, 1994, we granted this petition and directed the clerk of this court to issue a writ of mandamus ordering the Secretary of State, the Clark County Registrar of Voters and the Washoe County Registrar of Voters to accept the individual petitioners’ declarations of candidacy and to place these candidates on the ballot for the November general election. In our order, we explained that this formal opinion, which sets forth the grounds for our decision, was forthcoming.

 Although minor parties are not expressly forbidden from using the election process to nominate candidates, NRS 293.1715’s prohibition against minor party participation in primary elections strongly suggests that minor parties cannot use party-wide elections to nominate their candidates. Otherwise, minor parties would have de facto “primary” elections.

 In light of our conclusion, which is based on the meaning of NRS 293.176(1), it is unnecessary to consider petitioners’ remaining contentions.