An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FREDERICK VONSEYDEWITZ,
Appellant,
vs.
ROBERT LEGRAND, WARDEN,
Respondent.

No. 66159

**FILED**

JUN 2 4 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus challenging the computation of time served.[1] Sixth Judicial District Court, Pershing County; Richard Wagner, Judge.

Appellant Frederick Vonseydewitz was sentenced to concurrent terms of 8 to 20 years after his convictions for one count of attempt lewdness with a child under the age of 14 and one count of attempt sexual assault with a minor under the age of 14. In his petition, Vonseydewitz claimed that the Nevada Department of Corrections (NDOC) should have been deducting statutory credits earned pursuant to NRS 209.4465 from his minimum sentence but was not. This court issued an order to show cause to the Warden, explaining that his concession below regarding a key fact was tantamount to an admission that Vonseydewitz was entitled to relief. *Vonseydewitz v. LeGrand*, Docket No.

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-19337

66159 (Order to Show Cause, February 12, 2015). The Warden filed a timely response disavowing the concession and arguing that Vonseydewitz was entitled to the deductions only from his maximum, not his minimum sentence.

At issue are the meanings and interrelations of a statute regarding the application of statutory credits, NRS 209.4465(7)(b), and the statute pursuant to which Vonseydewitz was sentenced, NRS 193.330(1)(a)(1). "Statutory interpretation is a question of law subject to de novo review," *State v. Catanio*, 120 Nev. 1030, 1033, 102 P.3d 588, 590 (2004), and begins with the plain language of the statute in question, *McKay v. Bd. of Supervisors of Carson City*, 102 Nev. 644, 648, 730 P.2d 438, 441 (1986). The statutes in effect at the time the offenses were committed govern. *Weaver v. Graham*, 450 U.S. 24, 31-33 (1981); *Goldsworthy v. Hannifin*, 86 Nev. 252, 255, 468 P.2d 350, 352 (1970). Vonseydewitz committed his offenses between May 1, 1996, and August 31, 2006.

During the relevant time period, NRS 209.4465[2] provided that statutory credits "[a]pply to eligibility for parole." 1997 Nev. Stat., ch. 641, § 4, at 3175. The statute also contained an exception: Credits would not apply to parole eligibility if "the offender was sentenced pursuant to a

---

[2]Vonseydewitz claimed, and the Warden did not dispute below, that NRS 209.4465 governs the application of statutory credits to Vonseydewitz's sentences. The record before this court indicates that NDOC is in fact applying statutory credits pursuant to NRS 209.4465, since it is deducting 20 days' good-time credits per month from Vonseydewitz's maximum sentence. *Compare* NRS 209.4465(1) (providing for the deduction of 20 days' statutory credits), *with* NRS 209.446(1) (providing for the deduction of 10 days' statutory credits).

statute which specifies a minimum sentence that must be served before a person becomes eligible for parole." *Id.* Vonseydewitz was sentenced pursuant to NRS 193.330(1)(a)(1), which provides for a sentence of "a minimum term of not less than 2 years and a maximum term of not more than 20 years." NDOC appears to be applying NRS 209.4465(7)(b)'s exception to Vonseydewitz and is not deducting his statutory credits from his minimum sentence.

Although NRS 193.330(1)(a)(1) provided for a minimum term of not less than two years, it does not necessarily follow that it specified a minimum sentence that must be served before Vonseydewitz becomes eligible for parole. "[I]t is the duty of this court, when possible, to interpret provisions within a common statutory scheme 'harmoniously with one another in accordance with the general purpose of those statutes' and to avoid unreasonable or absurd results." *Torrealba v. Kesmetis*, 124 Nev. 95, 101, 178 P.3d 716, 721 (2008) (quoting *S. Nev. Homebuilders v. Clark Cnty.*, 121 Nev. 446, 449, 117 P.3d 171, 173 (2005)).

During the relevant time period, Nevada's sentencing statutes primarily phrased parolable sentences[3] in one of two ways. *See* 1995 Nev. Stat., ch. 443, § 1, at 1167-68 (NRS 193.130). The first way was expressed as a "minimum-maximum" statute, which provided for a sentence of "a minimum term of not less than [x] years and a maximum term of not more than [y] years." *See, e.g.*, NRS 193.330(1)(a)(1), (2); *accord* NRS

---

[3]Naturally, parole eligibility is a moot question where an offender cannot be paroled, such as with a sentence of death or life in prison without the possibility of parole, or where he is sentenced to an indeterminate sentence for a crime committed on or after July 1, 1995, *see* NRS 213.120. Thus all further references herein to "sentences" mean parolable sentences.

200.730(2); NRS 193.130(2)(b); *see also* 1995 Nev. Stat., ch. 443, § 1, at 1167-68 (NRS 193.130(2)(e)). The second way was expressed as a "parole-eligibility" statute, which provided for a "[maximum sentence], with eligibility for parole beginning when a minimum of [x] years has been served." *See, e.g.*, NRS 200.030(4)(b)(2), (3); NRS 200.320; NRS 200.366(2)(a)(2).

Had the Legislature intended minimum-maximum sentencing statutes to satisfy NRS 209.4465(7)(b)'s exception, it could readily have done so by using the parole-eligibility verbiage. But "a material variation in terms suggests a variation in meaning." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 170 (2012); *see also Sheriff v. Andrews*, 128 Nev., Adv. Op. 51, 286 P.3d 262, 264 (2012) (inferring that where the Legislature "clearly knows how to prohibit" an act under one statute and does not prohibit it under a second statute, the Legislature did not intend to prohibit it under the second statute). The very different verbiage that parole-eligibility and minimum-maximum sentencing statutes used to indicate the minimum sentence a court could impose would thus be expected to have had some meaning. Parole-eligibility statutes clearly fell within NRS 209.4465(7)(b)'s exception because they specified that eligibility for parole began only after the minimum sentence was served. In turn, the lack of reference to parole eligibility in a minimum-maximum statute suggests that the minimum term imposed was not the minimum term that must be served before an offender was eligible for parole.

Further, adopting the Warden's interpretation would have rendered NRS 209.4465(7)(b) nugatory in its entirety from its inception. "'[N]o part of a statute should be rendered nugatory, nor any language

turned to mere surplusage, if such consequences can properly be avoided.'" *Indep. Am. Party v. Lau*, 110 Nev. 1151, 1154, 880 P.2d 1391, 1392 (1994) (quotations omitted); Scalia & Garner, *supra*, at 176. Parole-eligibility statutes clearly fell within NRS 206.4465(7)(b)'s exception, and if minimum-maximum statutes also did, then the exception would have swallowed the whole, depriving NRS 206.4465(7)(b)'s general rule that statutory credits "[a]pply to eligibility for parole" of any applicability.

Rather than relying on the meaning of the relevant statutes, the Warden turned to statutory history to rebut Vonseydewitz's claims. However, this was premature without first having established that the meaning of the statutes was not plain. *See McKay v. Bd. of Supervisors of Carson City*, 102 Nev. 644, 648, 730 P.2d 438, 441 (1986). Further, the Warden fails to engage in any analysis of NRS 209.4465(7)(b) in light of the sentencing scheme in existence at the time it was enacted, instead focusing on laws that predated the advent of NRS 209.4465. The Warden's reference to 2007 statutory amendments is also unpersuasive as he offers no authority in support of his claim that the belief of subsequent legislatures is evidence of the intent of the legislature that enacted the law in question. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (stating that issues not supported by relevant authority or cogent argument need not be considered); *see also* Scalia & Garner, *supra*, at 185 ("[L]egislators are often—despite the presumption to the contrary—unfamiliar with the enactments of their predecessors. They unwittingly contradict them."). The Warden's brief reference to the canon of constitutional avoidance is also unavailing because this canon "comes into play only when, after the application of ordinary textual analysis, the statute is found to be susceptible of more than one construction." *Clark v.*

SUPREME COURT
OF
NEVADA

(O) 1947A

5

*Martinez*, 543 U.S. 371, 385 (2005). Based on the textual analysis above, the statutes are not reasonably susceptible to more than one construction, so it is unnecessary to resort to the canon of constitutional avoidance.

The Warden's final argument that NRS 213.120(2)'s language prohibited the deduction of statutory credits from minimum sentences also fails. During the relevant time period, NRS 213.120(2) stated, *"Any credits earned to reduce his sentence pursuant to chapter 209 of NRS* while the prisoner serves the minimum term of imprisonment may reduce only the maximum term of imprisonment imposed and *must not reduce the minimum term of imprisonment."* 1995 Nev. Stat., ch. 443, § 235, at 1260 (emphasis added). This language appears to have been in conflict with the general rule of NRS 209.4465(7)(b) that credits apply to parole eligibility.

Statutes should be "interpreted in a way that renders them compatible, not contradictory." Scalia & Garner, *supra*, at 180; *Nevada State Dep't of Motor Vehicles v. Turner*, 89 Nev. 514, 517, 515 P.2d 1265, 1266 (1973). Thus where a general and a specific statute conflict, the more specific is construed as an exception to the general so that, when read together, "the two provisions are not in conflict, but can exist in harmony." Scalia & Garner, *supra*, at 183; *see RadLAX Gateway Hotel, L.L.C. v. Amalgamated Bank*, 566 U.S. ___, ___, 132 S. Ct. 2065, 2071 (2012); *Lader v. Warden*, 121 Nev. 682, 687, 120 P.3d 1164, 1167 (2005). The two statutes were compatible because the specific provisions of NRS 209.4465(7)(b) allowing for the deduction of statutory credits earned pursuant to that section was an exception to NRS 213.120(2)'s more general prohibition against reducing the minimum sentence. *See Demosthenes v. Williams*, 97 Nev. 611, 637 P.2d 1203 (1981) (analyzing the relationship between "the 'general' parole statute," NRS 213.120, and

a more specific statutory-credits statute which preceded NRS 209.4465).

Finally, Vonseydewitz's claim that NDOC is failing to deduct statutory credits from his minimum term because it is applying NRS 209.4465(8) in violation of the federal Ex Post Facto Clause, *see* U.S. Const. art. 1, § 10, was repelled by the record. NDOC's responses to Vonseydewitz's inmate grievances indicate that NDOC is not applying NRS 209.4465(8) but rather is misapplying the exception in NRS 209.4465(7)(b). NRS 209.4465(7)(b)'s exception refers to sentencing statutes, but rather than relying on Vonseydewitz's sentencing statute, NRS 193.330(1)(a)(1), NDOC is relying on the verbiage in his judgment of conviction.

For the foregoing reasons, we conclude that NDOC has been improperly denying Vonseydewitz the deduction of statutory credits from his minimum sentence, and we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[4]We have considered all pro se documents filed or received in this matter. We conclude that appellant is only entitled to the relief described herein.

cc:    Sixth Judicial District Court Dept. 1
        Frederick Vonseydewitz
        Attorney General/Carson City
        Pershing County Clerk