WILLIAM CODY KELLY, AND KYLE F. BROOKS, TRUSTEES, UNDER AGREEMENT DATED DECEMBER 12, 1962, AND KNOWN AS THE KELLY TRUST, APPELLANTS, v. STATE OF NEVADA, NEVADA STATE TAX COMMISSION, DOUGLAS COUNTY AND HARRY WINKELMAN, DOUGLAS COUNTY ASSESSOR, RESPONDENTS.

No. 7582

March 12, 1975 532 P.2d 1029

*Daniel R. Walsh,* of Carson City, for Appellants.

*Robert List,* Attorney General, *James D. Salo,* Deputy Attorney General, Carson City, *Howard McKibben,* District Attorney, and *F. Thomas Eck,* Deputy District Attorney, Douglas County, for Respondents.

## OPINION

*Per Curiam:*

William Cody Kelly is the owner of property at Glenbrook, Lake Tahoe. A few years ago, he paid $500,000 for the purchase, $325,000 for 44.39 acres and the balance for the improvements. In 1972, he protested the Douglas County tax assessment of $113,400 which was 35 percent of the value as prescribed by statute. NRS 361.225. On his appeal to the State Board of Equalization he contended that the land use restrictions placed on the property by the newly created Tahoe Regional Planning Agency reduced the value of his land to an approximate valuation of $40,000 with assessed valuation at $14,000. The State Board of Equalization reduced the valuation from $324,000 to $215,000 or to what amounted to about 30 percent. Kelly, not satisfied, appealed to the First Judicial District Court where after trial judgment was rendered against Kelly on the grounds that the valuation placed on the property by the Nevada State Board of Equalization was based upon substantial evidence. There was no evidence of fraudulent action or abuse of discretion; the board utilized and applied accepted methods and standards of appraisal practice consistent with law; the valuation was in accordance with a uniform and equal rate of property taxation; and the assessed valuation was not violative of appellants' rights under the 14th Amendment to the United States Constitution and Article I, Section I, of the Constitution of the State of Nevada.

Appealing to this court Kelly alleges generally that the district court and the State Board of Equalization should be overruled.

It is the taxpayer's burden to show by clear and satisfactory evidence that the valuation established by the Commission is unjust and inequitable (NRS 361.410(2) and NRS 361.430) and that this burden is not met unless the court can find that the Tax Commission applied a fundamentally wrong principle or refused to exercise its best judgment or that the assessment was so excessive as to give rise to an implication of fraud and bad faith. Nevada Tax Commission v. Southwest Gas Corporation, 88 Nev. 309, 497 P.2d 308 (1972).

The record shows that the State Board of Equalization looked to all of the factors necessary to give a fair adjustment to Kelly. NRS 361.227(1) sets out those requisites and nothing in the record reflects bad faith on the part of the board.

Affirmed.