WASHOE COUNTY, a Political Subdivision of the State of Nevada; THE STATE BOARD OF EQUALIZATION, an Administrative Agency of the State of Nevada; JACK J. HUNTER, Jr., Chairman; RONALD R. ZIDECK; WILLIAM E. MOONEY; GARY KENT; and RON GASH, as Members of Said Board, Appellants, v. JOHN A. DERMODY, INC., a Nevada Corporation; G & M PROPERTIES, a Partnership Consisting of GEULA GAIL MOSLIN and MICHAEL CRAIG DERMODY; JOHN A. DERMODY, E. W. McKENZIE as individuals, Respondents.

No. 13328

August 31, 1983                              668 P.2d 280

---

*Brian McKay,* Attorney General; *Timothy Hay,* Chief Deputy Attorney General; and *David M. Norris,* Deputy Attorney General, Carson City, for Appellants.

*Lionel Sawyer & Collins,* and *Richard G. Campbell,* Reno, for Respondents.

## OPINION

*Per Curiam:*

This case presents a challenge to the district court reversal of a decision of the Nevada State Board of Equalization (State Board) concerning the valuation and appraisal of certain real

property and improvements. We conclude that the district court correctly found that the State Board's decision was clearly erroneous in view of the reliable, probative and substantial evidence on the record, and decline to reverse that part of the district court's decision. *See* NRS 233B.140(5)(e). However, we also conclude that the district court erred in remanding the case to the State Board with overly specific instructions as to the valuation methods and procedures to be utilized in assessing the property in question.

Respondents (Dermody, Inc. et al.) are owners of a number of commercial and industrial properties located in Washoe County. In 1976, the Washoe County Assessor reassessed that section of the Reno-Sparks area in which respondents' property was located. In reassessing the property, the Assessor apparently utilized average replacement cost figures for comparable structures. The Assessor then applied a depreciation rate to the replacement cost which was based on estimated structure lives that ranged from 37 to 142 years. No explanation was apparently provided as to why the Assessor found it necessary or desireable to use such lengthy structure lives, although there is some evidence in the record that might support an inference that these figures were drawn from a commercial depreciation table.

Respondents appealed the reassessment to the Washoe County Board of Equalization (County Board). The Board granted partial relief, but both respondents and the Assessor appealed to appellant Nevada State Board of Equalization.

The State Board reviewed the valuations of the Assessor and the County Board. The State Board then undertook a valuation of respondents' property, apparently utilizing the same approach and methodology utilized by the Assessor. The State Board, however, rejected the 37 to 142-year structure lives applied by the Assessor, and instead calculated depreciation at 1 percent per year. This would equate to the application of a 100-year structure life, although it appears that the State Board arrived at this figure without discussion, explanation or evidentiary support.

Still dissatisfied with the valuation of their property, respondents sought judicial review of the State Board's decision. After reviewing the record, the district court found that the State Board's actions were arbitrary, capricious and clearly erroneous in view of the reliable, probative and substantial evidence on the record. The court accordingly entered judgment in favor of respondents, remanding the case to the State Board with instructions that the State Board use a particular valuation advanced by respondents. This appeal followed.

The State Board initially argues that the district court erred in rendering judgment for respondents. This contention is without merit. Respondents appealed the decision of the State Board, an administrative agency, to the district court. It is well established that under such circumstances the district court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. *See* NRS 233B.140(5). At the same time, the district court may reverse or modify the decision of an administrative agency if substantial rights of an appellant have been prejudiced because the findings are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. *See* NRS 233B.140(5)(e). Thus, the dispositive issue is whether there is substantial evidence in the record to support the State Board's use of a 100-year structure life in calculating valuation.

We find the State Board's decision is not supported by substantial evidence, and that the district court did not err by reversing the administrative agency's decision. The district court found that there was no evidentiary support for a 100-year structure life, and an independent review of the record reveals that this is an accurate characterization. In fact, the only evidence in the record which relates to the 100-year structure life is testimony to the effect that such a lengthy structure life was *unreasonable.* Further, although the sworn testimony of a witness appearing before an administrative agency can constitute substantial evidence (*see* Board of Supervisors of Modoc County v. Archer, 96 Cal.Rptr. 379 (Cal.App. 1971)), in the instant case it does not appear that there was sworn testimony which would support the use of a 100-year structure life. Although the State Board directs this court's attention to testimony of the Assessor's representative, the sections of the transcript cited by the State Board establish only that the Assessor was basing his calculations on his experience as an appraiser and that for some properties he utilized a 40-year structure life from a commercial depreciation table. This is hardly testimony which would support the reasonableness of a 100-year structure life.

Thus, although there is a presumption of validity which attaches to determinations of value made by the State Board when those determinations are properly based on independent judgment (NRS 361.430; Kelly v. State of Nevada, 91 Nev. 150, 532 P.2d 1029 (1975)), in the instant case the district court correctly found that the State Board's use of a 100-year structure life was clearly erroneous in view of substantial evidence on the record.

The second issue presented concerns the appropriateness of certain instructions the district court included in its decision. In addition to reversing the State Board's decision, the district court also remanded the case with directions that "[i]n all calculations regarding depreciation in this case, the State Board shall apply the 'straight line' method based upon a 40 year useful life." The State Board now contends that the order requiring it to employ a particular valuation method was erroneous in that the district court impermissibly substituted its judgment for that of the administrative agency. We believe this argument has merit.

As previously noted, the district court shall not substitute its judgment for that of the administrative agency as to the weight of evidence on questions of fact. *See* NRS 233B.140(5). Further, the district court should not foreclose the exercise of the administrative agency's independent judgment on matters within its competence. *See* Nevada Industrial Comm'n v. Williams, 91 Nev. 686, 541 P.2d 905 (1975). This is particularly true in light of the circumstances of the instant case, given that there is a specific statutory requirement that the State Board be composed of members with a particular expertise in valuing property. *See* NRS 361.375(2). Thus, although the district court could reverse the State Board's decision when it correctly found that the challenged decision was not supported by substantial evidence, the district court could not usurp the State Board's exercise of independent judgment by restricting the State Board on remand to the application of a particular depreciation method and a particular structure life.

On the basis of the preceding analysis, the district court's decision reversing the decision of the State Board is affirmed. However, the case is remanded to the district court with directions that it be remanded to the State Board for further consideration and the adoption of a structure life or depreciation formula supported by substantial evidence.