COUNTY OF WASHOE, STATE OF NEVADA, Their Respective Boards of Equalization and NEVADA TAX COMMISSION, Appellants, *v.* GOLDEN ROAD MOTOR INN, INC., dba Travelodge Reno Convention Center, Respondent.

No. 19345

June 30, 1989 · · · 777 P.2d 358

*Brian McKay,* Attorney General, and *John S. Bartlett,* Deputy Attorney General, Carson City, for Appellant.

*Stephen Mollath,* Reno, for Respondent.

## OPINION

*Per Curiam:*

The state board of equalization refused to accept the recent sale price of respondent Golden Road Motor Inn's property (parcel No. 020-254-13) as reflective of its fair market value for tax purposes. The state board observed that the property was developed and had frontage on a busy Reno intersection, and heard evidence that, when sold, the parcel was encumbered by a long-term, below-market lease.

The district court reversed the state board's decision, holding that the recent sale price was prima facie evidence of the property's taxable value. Accordingly, the court modified the assessment determined by the state board for the 1986-87 and 1987-88 tax years. On appeal, the State argues that the district court lacked subject matter jurisdiction to review the assessment of Golden Road's property for the 1986-87 tax year. Moreover, the State contends that the district court's reversal and modification was in error, and that the state board properly assessed the value of the property. We agree, and therefore reverse the decision of the district court.

Taxpayers must exhaust their administrative remedies before seeking judicial relief. First Am. Title Co. v. State of Nevada, 91 Nev. 804, 806, 543 P.2d 1344, 1345 (1975). Any property owner who believes that his tax assessment is excessive "may pay each installment of taxes as it becomes due under protest in writing. The protest must be in triplicate and filed with the county treasurer at the time of the payment of the installment of taxes." NRS 361.420(1). The property owner, "*having protested the payment of taxes as provided in subsection 1* and having been denied relief by the state board of equalization, may commence a suit in any court of competent jurisdiction in the State of Nevada against the state and county in which the taxes were paid. . . ." NRS 361.420(2). (Emphasis added.)

In the instant case, the record contains evidence of only one protest filed by Golden Road with the Washoe County treasurer. On August 4, 1987, Golden Road sent a letter to the treasurer regarding the parcel at issue in this case. The letter informed the treasurer that:

> The assessment of taxes on the above parcel are presently on appeal to the State Board of Equalization.
> In accordance with NRS 361.420(1) the installments of taxes paid on the above parcel are paid under protest.

Since the protest of August 4, 1987 would only apply to installments paid for the 1987-88 tax year, the record indicates that Golden Road filed no protests with its tax payments for the 1986-87 tax year. Thus, Golden Road failed to comply with NRS 361.420(1) and (2) before filing a petition for judicial review in October 1986 challenging the state board's determination of the property value for the 1986-87 tax year.

The district court found that for the tax year 1986-87, Golden Road complied with the required protest procedure via its appeal through the county and state boards of equalization. However, "[i]f a statutory procedure exists either for recovery of taxes collected erroneously or for disputing an excessive assessment, *that procedure must be followed.*" Lovelace Center for Health Sciences v. Beach, 606 P.2d 203, 206 (N.M.Ct.App. 1980). (Emphasis added.)

NRS 361.420(1) and (2) direct taxpayers to protest the payment of their taxes with the county treasurer and seek relief from the state board of equalization before commencing suit in the district court. Since Golden Road failed to file any protests with the Washoe County treasurer concerning its tax payments for the 1986-87 tax year, the district court erred when it found that Golden Road complied with the protest procedure for that tax year. *See* Upper Peninsula Generating Co. v. City of Marquette, 171 N.W.2d 572, 573 (Mich.Ct.App. 1969) (holding that because the taxpayer failed to file protests with his payments of 1965 and 1966 taxes as required by statute, the taxpayer could not recover excess taxes paid in those years). Accordingly, the district court lacked subject matter jurisdiction to hear Golden Road's claim for the 1986-87 tax year. *See* Omnibus Financial Corp. v. United States, 566 F.2d 1097, 1101-1102 (9th Cir. 1977) (finding that, by failing to claim a refund, the taxpayer failed to comply with the jurisdictional prerequisite of 26 U.S.C. § 7422).

Determinations of the state board are presumed valid. Washoe Co. v. John A. Dermody, Inc., 99 Nev. 608, 611, 668 P.2d 280, 282 (1983). To prevail on a petition for judicial review, the taxpayer, Golden Road, must show by clear and convincing evidence that the tax valuation established by the state board is unjust and inequitable. Weiss v. State of Nevada, 96 Nev. 465, 467, 611 P.2d 212, 214 (1980). NRS 361.430.[1] The taxpayer does not meet this burden unless the court finds that the state board applied a fundamentally wrong principle or refused to exercise its best judgment, or that the assessment was so excessive as to create an implication of fraud and bad faith. 96 Nev. at 467, 611 P.2d at 214.

The State argues that the district court erred by finding that the actual sales price paid for Golden Road's parcel in June 1987 constituted prima facie evidence of the property's full cash value for the 1986-87 and 1987-88 tax years. We believe that the State's argument has merit.

According to NRS 361.227(5), an assessor, when determining the taxable value of property, may consider (a) comparative sales; (b) a summation of the estimated full cash vale of the land and improvements; and (c) capitalization of the fair economic expectancy or fair economic rent. The statute does not compel the use of any sale, including a sale of the subject property, as the measure of the full cash value. Moreover, Nevada precedent supports the state board's decision to reject the sale price of Golden Road's property as representative of the parcel's full cash value.

In *Weiss,* the taxpayer challenged the ruling of the district court affirming the decision of the state board. The taxpayer owned a large group of apartments. He purchased several contiguous buildings, which were identical to his existing buildings, for $300,000. 96 Nev. at 466, 611 P.2d at 213. Six days later, the assessor determined that the new units had a tax value of $373,000, and the assessor used this value to reassess the original buildings. *Id.* As in the instant case, the taxpayer contended that the recent purchase price conclusively established the fair cash value for tax purposes. *Id.*

This court refused to accept the recent purchase price as

---

[1]NRS 361.430 provides:

> Burden of proof on plaintiff in action brought under NRS 361.420. In every action brought under the provisions of NRS 361.420, the burden of proof shall be upon the plaintiff to show by clear and satisfactory evidence that any valuation established by the Nevada tax commission or the county assessor or equalized by the county board of equalization or the state board of equalization is unjust and inequitable.

conclusive evidence of full cash value for tax purposes. *Id.* at 467-468, 611 P.2d at 214. We held that when evaluating the taxpayer's property, the state board was not required to accept the purchase price of identical property as the sole indicator of value, but was required to compute the taxable value by using the cost, market and income approaches discussed in NRS 361.227. *Id.*

In the case at hand, Golden Road argued to the state board that its June 1987 purchase of parcel no. 020-254-13 plus four contiguous acres demonstrated that the taxable value of the land was the sale price, i.e. $1,323,135, or an average of $7.54 per square foot. However, the Washoe County assessor argued that a pro rata determination of the land value over the entire eight acre purchase was misleading because the four acres in dispute are located at the heavily traveled corner of Virginia and Peckham Lane, while the contiguous four acre property received less exposure to traffic. Thus, the assessor contended that the four acre parcel no. 020-254-13 deserved a higher valuation than the other less prominent four acres.

When the state board voted to uphold the assessor's valuation of parcel no. 020-254-13 at $12.75 per square foot, at least one member observed that the "corner piece has got to be worth more than the overall average." Thus, the state board apparently considered what it felt to be the estimated full cash value of the land when it made its decision. Since this was an appropriate method of valuation pursuant to NRS 361.227, the state board properly refused to apply the sale price of $7.54 per square foot. *Weiss,* 96 Nev. at 467-468, 611 P.2d at 214.

The state board did not apply a fundamentally wrong principle when, instead of using the recent sale price, it chose to determine the value of the property using its estimate of the full cash value of the parcel. Accordingly, Golden Road has not shown by clear and convincing evidence that the tax valuation established by the state board was unjust and inequitable. Thus, the district court erred when it reversed the state board's decision and modified the assessment of Golden Road's property for the 1986-87 and 1987-88 tax years. *Id.* at 467, 611 P.2d at 214. Therefore, we reverse the district court's judgment and reinstate the decision of the state board of equalization.