THE STATE OF NEVADA, THE NEVADA DEPARTMENT OF TAXATION, THE NEVADA TAX COMMISSION, Appellants, *v.* SCOTSMAN MANUFACTURING COMPANY, INC., a California Corporation, Respondent.

No. 22988

March 24, 1993                                          849 P.2d 317

*Frankie Sue Del Papa*, Attorney General, *John S. Bartlett,* Deputy Attorney General, Carson City, for Appellants.

*Guild & Hagen,* Reno, for Respondent.

## OPINION

*Per Curiam:*

On a previous occasion, we determined that the sales tax levied by appellants, the State Department of Taxation and Tax Commission (collectively, "State"), against respondent Scotsman Manufacturing Company, Inc. was unconstitutional. As a result of that ruling, we remanded this matter to the district court and directed the entry of summary judgment in favor of Scotsman. *See* Scotsman Manufacturing Co. v. State, Dep't of Taxation, 107 Nev. 127, 808 P.2d 517 (1991), *cert. denied,* 112 S.Ct. 1184 (1992) (*"Scotsman I"*). On remand, the district court entered summary judgment in Scotsman's favor and ordered the State to refund the unlawfully exacted tax to Scotsman. The State appealed, challenging the district court's jurisdiction to order the refund. We conclude that the district court had jurisdiction to order a refund of the tax payments and therefore affirm.

## FACTS

The facts of this case are set forth at length in *Scotsman I.* Scotsman engaged in the manufacture and sale of modular housing units. Scotsman sold the units to Reynolds Electrical and Engineering Corporation ("REECo"), a prime contractor for the United States Department of Energy, for use at the latter's test site in Tonopah, Nevada.

Scotsman instituted this declaratory relief action in response to a final determination by the State that Scotsman's sales to REECo were subject to a three and one-quarter percent sales tax. Ruling on cross-motions for summary judgment, the trial court concluded, as a matter of law, that Scotsman was not immune from sales tax on its contracts with REECo and granted summary judgment in favor of the State. In the prior appeal by Scotsman, we reversed and held that the imposition of a state sales tax on Scotsman's contract with REECo was violative of the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2. We therefore remanded the case to the district court for entry of summary judgment in favor of Scotsman. *See Scotsman I,* 107 Nev. at 134, 808 P.2d at 521.

Post-remand, Scotsman filed a motion for summary judgment based upon our decision in *Scotsman I.* In connection therewith,

Scotsman requested a refund of the tax payments it had made under protest plus accrued interest at six percent per annum. The State opposed the motion on the ground that the district court was without jurisdiction to award a refund because Scotsman had failed to timely comply with statutory refund claim procedures.

The district court granted summary judgment to Scotsman. In ordering the State to refund the stipulated amount of $586,597.66 plus interest, the district court concluded that the State could not procedurally bar the recovery of tax payments which have been held to be violative of the Supremacy Clause. This appeal ensued.

## DISCUSSION

The issue on appeal is whether the district court had jurisdiction to order the refund of taxes held to be exacted in violation of the Supremacy Clause of the United States Constitution.

The State contends that NRS 374.640(1)[1] and NRS 374.680[2] required Scotsman to file a refund claim with the Department within three years from the time it made the tax payments in 1987. Its failure to do so, urges the State, deprived the district court of jurisdiction to order the refund, notwithstanding the constitutional infirmity of the tax as determined in *Scotsman I.*

In response, Scotsman insists that noncompliance with the statutory claim requirements does not deprive the district court of jurisdiction to award a refund in this case. Scotsman persuasively argues that since it paid the tax under protest after having administratively challenged its validity, it should not be required to file a refund claim while its action for judicial review of that determination is pending.

A taxpayer must exhaust its administrative remedies before seeking judicial relief; failure to do so deprives the district court of subject matter jurisdiction. County of Washoe v. Golden Road Motor Inn, 105 Nev. 402, 403-404, 777 P.2d 358, 359 (1989). If

---

[1]NRS 374.640(1) provides that:

> No refund may be allowed unless a claim for it is filed with the department within 3 years after the last day of the month following the close of the period for which the overpayment was made or, with respect to determinations made pursuant to NRS 374.405 to 374.460, inclusive, within 6 months after the determinations become final, or within 6 months after the date of overpayment, whichever period expires later.

[2]NRS 374.680 provides that:

> No suit or proceeding shall be maintained in any court for the recovery of any amount alleged to have been erroneously or illegally determined or collected unless a claim for refund or credit has been duly filed.

a statutory procedure exists for the recovery of taxes erroneously collected, that procedure ordinarily must be followed before commencing suit in district court. 105 Nev. at 404, 777 P.2d at 359. Under certain circumstances, however, the district court's jurisdiction attaches notwithstanding a party's failure to exhaust its administrative remedies. The exhaustion doctrine will not deprive the court of jurisdiction "where the issues relate solely to the interpretation or constitutionality of a statute." State of Nevada v. Glusman, 98 Nev. 412, 419, 651 P.2d 639, 644 (1982), *appeal dism'd,* 459 U.S. 1192 (1983). Neither will the exhaustion doctrine deprive the court of jurisdiction where initiation of administrative proceedings would be futile. *See* Engelmann v. Westergard, 98 Nev. 348, 353, 647 P.2d 385, 389 (1982). Both circumstances are present in this case.

In *Scotsman I* we addressed the issue of the State's power to levy sales taxes against Scotsman in connection with the latter's sales to a prime contractor of the federal government. We held that it could not constitutionally do so, and remanded the case to the district court for entry of summary judgment in Scotsman's favor. *Scotsman I,* 107 Nev. at 134, 808 P.2d at 521. Based upon our conclusion that the taxes were collected in violation of the federal Constitution, Scotsman sought a refund of the money it had paid to the State.

The State now attempts to procedurally bar Scotsman from obtaining a refund of the unlawfully exacted taxes. It may not do so. In McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, 496 U.S. 18 (1990), the High Court held:

> If a State places a taxpayer under duress promptly to pay a tax when due and relegates him to a postpayment refund action in which he can challenge the tax's legality, the Due Process Clause of the Fourteenth Amendment obligates the State to provide meaningful backward-looking relief to rectify any unconstitutional deprivation.

496 U.S. at 31 (footnotes omitted).

In the State's view, Nevada's statutory refund procedure provides such relief and Scotsman was bound to comply therewith. Under the facts of this case, we are constrained to disagree. The statutory procedure offers Scotsman no relief at all given the three-year period of limitations invoked by the State. *See* NRS 374.640(1). A statutory refund claim by Scotsman after our 1991 decision in *Scotsman I* would have been time-barred since the bulk of Scotsman's payments were made in 1987. Moreover, any attempt by Scotsman to comply with the statutory procedures prior to this court's decision in *Scotsman I* would have been futile in view of the State's position concerning the constitutional validity of the tax. Instead of filing a futile refund claim after each

of its payments, Scotsman reasonably paid the taxes under protest. This was appropriate in light of the continued pendency of the litigation, and served to place the State on notice that the payments were being challenged and that a refund of the payments would be sought in the event Scotsman prevailed in the courts.

Having forced Scotsman to pay the disputed tax, the State must now "undo" the unlawful deprivation by refunding the tax. *McKesson,* 496 U.S. at 39. It is the only effective remedy available to Scotsman; prospective relief alone (i.e., future exemption from tax) would hardly afford Scotsman a meaningful remedy for the unconstitutional deprivation of its property. To relieve the State of its obligation to refund the unlawful and coerced tax payments would contravene the Fourteenth Amendment. *Id.*

Bound by the law of the case, the district court was required to take such action as conformed to the judgment of this court. *See* LoBue v. State ex rel. Dep't Hwys., 92 Nev. 529, 532, 554 P.2d 258, 260 (1976). The district court's order requiring the refund logically followed from our conclusion in *Scotsman I* that the tax was illegally imposed and that Scotsman was entitled to summary judgment. *See* United States v. California State Board of Equalization, 650 F.2d 1127, 1132 (9th Cir. 1981), *aff'd,* 456 U.S. 901, *reh'g denied,* 456 U.S. 985 (1982).

We have carefully considered the remaining issues and conclude that they are either without merit or need not be addressed given our disposition of this appeal.

For the reasons discussed above, we hold that the district court had jurisdiction to order the State to refund to Scotsman the sales tax it paid in connection with the sale of its modular housing units to REECo, together with interest.

The summary judgment entered by the district court in favor of Scotsman is affirmed.[3]

---

[3]THE HONORABLE MIRIAM SHEARING, Justice, did not participate in the decision of this matter.