ALLSTATE INSURANCE COMPANY; CHUBB CUSTOM INSURANCE COMPANY; FARMERS INSURANCE EXCHANGE; GEICO; HORACE MANN INSURANCE COMPANY; LIBERTY MUTUAL FIRE INSURANCE COMPANY; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; 21ST CENTURY INSURANCE COMPANY; AND CALIFORNIA STATE AUTOMOBILE ASSOCIATION, APPELLANTS, v. TED THORPE, M.D., BY AND ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED; AND A & M CHIROPRACTIC WELLNESS CENTER, LLC, A NEVADA LIMITED LIABILITY COMPANY, BY AND ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED, RESPONDENTS.

No. 44467

November 21, 2007                    170 P.3d 989

*Breeden & Herbe, Ltd.*, and *Adam J. Breeden*, Las Vegas, for Appellant California State Automobile Association.

*Burton Bartlett & Glogovac* and *Scott A. Glogovac*, Reno; *Jackson Walker LLP* and *Kevin T. Crocker* and *David T. Moran*, Dallas, Texas; *Sonnenschein Nath & Rosenthal* and *Steven M. Levy*, Chicago, Illinois, for Appellants Allstate Insurance Company and Horace Mann Insurance Company.

*Hale Lane Peek Dennison & Howard* and *J. Stephen Peek*, Las Vegas, for Appellant Chubb Custom Insurance Company.

*Laxalt & Nomura, Ltd.*, and *Bruce R. Laxalt* and *Kerry Zachariasen Malone*, Reno, for Appellant 21st Century Insurance Company.

*Lewis & Associates, LLC*, and *Lewis J. Gazda* and *Samuel A. Kitterman Jr.*, Las Vegas; *Vinson & Elkins* and *Russell Yager* and *Jennifer Poppe*, Dallas, Texas, for Appellant Liberty Mutual Fire Insurance Company.

*Lewis & Roca, LLP*, and *Martha J. Ashcraft* and *Jason M. Kerr*, Las Vegas, for Appellant Farmers Insurance Exchange.

*Selman Breitman, LLP*, and *Kim E. Ferrari* and *Theodore J. Kurtz*, Las Vegas, for Appellant State Farm Mutual Automobile Insurance Company.

*Snell & Wilmer, LLP*, and *Kelly A. Evans*, Las Vegas, for Appellant GEICO.

*Frank C. Cook*, Las Vegas; *Harrison Kemp & Jones, LLP*, and *Jennifer C. Dorsey, J. Randall Jones*, and *P. Kyle Smith*, Las Vegas, for Respondents.

Before the Court EN BANC.[1]

---

[1]THE HONORABLE RON PARRAGUIRRE, Justice, voluntarily recused himself from participation in the decision of this matter.

## OPINION

By the Court, HARDESTY, J.:

Nevada's so-called "prompt-pay" statute, NRS 690B.012, requires casualty insurers to approve and pay, or deny, casualty claims, including claims for medical payment benefits, within a limited time frame. Under the statute, an insurer must pay interest on any untimely claims payments.

In this appeal, we consider whether NRS 690B.012 grants private rights of action to medical services providers who administer care to persons insured under contracts of "casualty insurance,"[2] so that the medical services providers may sue the person's insurer, if that insurer fails to promptly pay claims.

NRS 690B.012 does not expressly create a private right of action in favor of an insured's medical provider to sue an insurer who fails to make prompt payments to the insured or the insured's medical providers. Instead, the statutory scheme contemplates an exclusive administrative procedure for resolving claims concerning alleged violations of NRS 690B.012, under which those persons with a direct and immediate pecuniary interest in prompt payment may proceed. We therefore conclude that (1) there is no private right of action in the district court under the statute, but (2) medical providers, as persons with a direct and immediate pecuniary interest in the prompt payment of medical payment benefits, may seek administrative remedies before the Nevada Department of Insurance (NDOI), subject to judicial review under the Nevada Administrative Procedure Act.

### FACTS AND PROCEDURAL HISTORY

Respondents, a medical doctor and a chiropractic group (Doctors), filed suit in district court, alleging that appellants, ten casualty insurance companies (Insurance Companies),[3] failed to promptly pay the Doctors for medical services provided to patients

---

[2]NRS 681A.020(1) defines "casualty insurance" under Title 57 to include vehicle insurance, liability insurance, workers' compensation and employer's liability insurance, burglary and theft insurance, personal property floater, insurance against damage to glass, insurance against damage related to boilers and machinery, water leakage, and fire extinguishing equipment, credit and mortgage guaranty insurance, elevator insurance, congenital defects insurance, entertainment and production insurance, and other miscellaneous coverage. However, only some of these forms of insurance contain provisions for medical, hospital, and surgical benefits. NRS 681A.020(2).

[3]Defendant Progressive Insurance Company was dismissed without prejudice from the action below on November 23, 2004, and did not join in this appeal.

insured by the Insurance Companies. In their second amended complaint filed with the district court, the Doctors sought declaratory relief, alleging violations by the Insurance Companies of NRS 690B.012, Nevada's "prompt pay" statute.[4] In their totality, the declaratory relief claims fell within two general categories: (1) allegations seeking determinations that the Insurance Companies violated the prompt-pay statute, and (2) allegations that the Doctors' claims for payment under their patients' casualty coverages created a controversy under the prompt-pay statute that was ripe for judicial determination. Thus, the declaratory relief aspect of the action impliedly sought a determination that the Doctors had a private right of action to recover individual and class damages under the prompt-pay statute in district court.[5] Additionally, the Doctors sought injunctive relief and claimed rights to recover damages under theories of negligence and unjust enrichment based upon the statute.

The Insurance Companies moved to dismiss the Doctors' action with prejudice for lack of subject-matter jurisdiction, arguing that (1) the Doctors have no private right of action under the statute to bring suit in district court; (2) patient claims under the statute are personal and are not, as a matter of law, assignable for the Doctors to pursue; and (3) in any event, assuming such rights are assignable, the Doctors provided no indication that they had obtained assignments from their patients.

The district court granted in part and denied in part the Insurance Companies' motion to dismiss. Although the district court found that the Doctors enjoyed a private right of action for claims arising under NRS 690B.012, the court dismissed the Doctors' complaint without prejudice, finding that "primary" jurisdiction over the Doctors' claims rested with the Nevada Insurance Commissioner. The district court ordered that the Doctors must first exhaust their administrative remedies on the remaining claims before "seek[ing] relief" in district court. The district court also denied, as premature, the dismissal of the complaint under NRCP 12(b) on

---

[4]NRS 690B.012(1) states,

> Except as otherwise provided in subsections 2, 3 and 4, an insurer shall approve or deny a claim of its insured relating to a contract of casualty insurance within 30 days after the insurer receives the claim. If the claim is approved, the insurer shall pay the claim within 30 days after it is approved. If the approved claim is not paid within that period, the insurer shall pay interest on the claim at the rate of interest established pursuant to NRS 99.040. The interest must be calculated from the date the payment is due until the claim is paid.

[5]The Doctors also sought to represent a class under NRCP 23(b)(1)(A), consisting of all medical providers in Nevada submitting claims for medical services covered by automobile casualty insurance policies that have not been promptly paid as required by NRS 690B.012. The district court's dismissal of the action occurred before class certification could be considered.

the issue of whether the Doctors actually possessed assignments of their patients' rights. The Insurance Companies now appeal.[6]

## DISCUSSION

Preliminarily, the legal effect of the district court's order finding that a private cause of right exists in favor of the Doctors under NRS 690B.012 and, yet, dismissing the complaint for failure to exhaust administrative remedies, is arguably ambiguous.[7] When reviewing a district court's judgment, we apply the rules of construction that pertain to interpreting other written instruments.[8] We have previously explained that when unclear, a judgment's interpretation is a question of law for this court.[9] Additionally, we have stated that a judgment's legal effect must be determined by construing the judgment as a whole, and that, in the case of ambiguity, the interpretation that renders the judgment more reasonable and conclusive and brings the judgment into harmony with the facts and law of the case will be employed.[10] We conclude that the district court's order granted the Doctors declaratory relief, finding a private right of action under NRS 690B.012 against the Insurance Companies, but dismissed the remaining claims, including the unjust enrichment claim, without prejudice for failure to exhaust administrative remedies.

The Insurance Companies argue first that NRS 690B.012 does not give the Doctors a private right of action in the district court to recover for violations of the prompt-pay statute. Second, they assert that the district court erred in finding that the NDOI had primary rather than exclusive jurisdiction to hear these claims and, as a consequence, the district court's ruling improperly created a right to bring an independent action under the statute at the conclusion of administrative proceedings by way of a complaint for damages rather than by way of judicial review. We agree.

---

[6]The Doctors argue on appeal that the Insurance Companies are not aggrieved parties with standing to appeal under NRAP 3A(a) because the district court dismissed the second amended complaint without prejudice. We need not address the effect on aggrieved party status resulting from a dismissal without prejudice because the district court granted declaratory relief to the Doctors on their claimed right to pursue a cause of action in district court under the prompt-pay statute. Thus, the Insurance Companies are aggrieved parties with standing to appeal that conclusion. *Valley Bank of Nevada v. Ginsburg*, 110 Nev. 440, 446, 874 P.2d 729, 734 (1994); *Kenney v. Hickey*, 60 Nev. 187, 188-89, 105 P.2d 192, 192 (1940).

[7]We note that the Doctors did not cross-appeal the order of the district court.

[8]*Benavidez v. Benavidez*, 145 P.3d 117, 119-20 (N.M. Ct. App. 2006).

[9]*Ormachea v. Ormachea*, 67 Nev. 273, 291, 217 P.2d 355, 364 (1950), *quoted with approval in University & Cmty. Coll. Sys. v. Sutton*, 120 Nev. 972, 985-86, 103 P.3d 8, 17 (2004).

[10]*Id.* at 291-92, 217 P.2d at 364-65.

The determination of whether a statute creates an implied private right of action is a question of law, which we review de novo.[11] We look to legislative intent when the statute does not expressly create a cause of action.[12] After reviewing NRS 690B.012 and the statutory scheme in which it is contained, we conclude that the NDOI has exclusive jurisdiction to enforce the prompt-pay statute's provisions and that any person having a pecuniary interest in the statute's enforcement is restricted to seeking administrative relief under it. Accordingly, the district court erred to the extent that its order would allow the Doctors a private right of action under NRS 690B.012 against the Insurance Companies or to refile the instant complaint at the conclusion of administrative proceedings rather than pursue judicial review.

### Exclusive original jurisdiction

The Insurance Companies contend that, because the NDOI had exclusive jurisdiction over these statutory claims, the district court lacked subject-matter jurisdiction to entertain this lawsuit in the first instance. As a preliminary matter, we disagree. While in the past we have held that the failure to exhaust administrative remedies deprives the district court of subject-matter jurisdiction,[13] more recently, in *City of Henderson v. Kilgore*, we noted that failure to exhaust all available administrative remedies before proceeding in district court renders the matter unripe for district court review.[14] Nevertheless, whether couched in terms of subject-matter jurisdiction or ripeness, a person generally must exhaust all available administrative remedies before initiating a lawsuit, and failure to do so renders the controversy nonjusticiable.[15] The exhaustion doctrine gives administrative agencies an opportunity to correct

---

[11]*See County of Clark v. Upchurch*, 114 Nev. 749, 753, 961 P.2d 754, 757 (1998) (stating that "construction of a statute is a question of law").

[12]*See U.S. Design & Constr. v. I.B.E.W. Local 357*, 118 Nev. 458, 461, 50 P.3d 170, 172 (2002) (explaining that "[w]hen construing statutes, the objective is to give effect to the legislature's intent"); *Sports Form v. Leroy's Horse & Sports*, 108 Nev. 37, 40-41, 823 P.2d 901, 903 (1992).

[13]*Rosequist v. Int'l Ass'n of Firefighters*, 118 Nev. 444, 448, 49 P.3d 651, 653 (2002).

[14]122 Nev. 331, 336 n.10, 131 P.3d 11, 15 n.10 (2006) (noting that although other cases describe the district court as lacking subject-matter jurisdiction when an employee has failed to exhaust administrative remedies, justiciability and not jurisdiction is at play, and explaining that the district court is not divested of subject-matter jurisdiction; instead, the matter is simply not ripe for the district court's review).

[15]*Id.*; *see State, Dep't of Taxation v. Scotsman Mfg.*, 109 Nev. 252, 254, 849 P.2d 317, 319 (1993); *Washoe County v. Golden Road Motor Inn*, 105 Nev. 402, 403-04, 777 P.2d 358, 359 (1989).

mistakes and conserves judicial resources, so its purpose is valuable; requiring exhaustion of administrative remedies often resolves disputes without the need for judicial involvement.[16]

Under NRS 679B.120(3), the Nevada Insurance Commissioner has express authority to "[e]nforce the provisions of [the Nevada Insurance] Code," NRS Title 57, and NRS 690B.012 is contained within Title 57. Additionally, NRS 686A.015(1) grants the Insurance Commissioner "exclusive jurisdiction in regulating the subject of trade practices in the business of insurance in this state." Regarding this authority, we have recognized that "NRS 679B.310(1) permits the Commissioner to hold hearings for any purpose within the scope of Title 57,"[17] and NRS 679B.370 provides parties aggrieved by NDOI rulings the right to seek judicial review "in the manner provided by chapter 233B of NRS [the Nevada Administrative Procedure Act]."[18] Accordingly, because the Doctors' allegations in this matter relate to the Commissioner's enforcement of Nevada insurance law, and because the Legislature has set forth a comprehensive statutory scheme to remedy any failure of the Commissioner to act in accordance with statutory duties, we conclude that the NDOI has exclusive original jurisdiction over this matter and any matter in which, like here, a party seeks to ensure compliance with the Insurance Code.

We have previously stressed the importance of state agencies' exclusive original jurisdiction over legislatively created administrative and regulatory schemes. In *Sports Form v. Leroy's Horse & Sports*, we rejected the theory that certain gaming statutes could be enforced through private civil actions, in part because the legislative scheme provided the sole means by which to address violations of the gaming statutes.[19] In *Rosequist v. International Ass'n of Firefighters*, in the context of a challenge to the exclusive original jurisdiction of the Employee-Management Relations Board over labor grievances, we reiterated our view that " '[i]t is not conceivable that the legislature would give its extensive time and attention to study, draft, meet, hear, discuss and pass this important piece of legislation were it not to serve a useful purpose.' "[20] And,

[16]*See State of Nevada v. Glusman*, 98 Nev. 412, 419, 651 P.2d 639, 643 (1982); *First Am. Title Co. v. State of Nevada*, 91 Nev. 804, 806, 543 P.2d 1344, 1345 (1975).

[17]*State, Dep't Commerce v. Interocean Risk*, 109 Nev. 710, 713, 857 P.2d 3, 5 (1993).

[18]NRS 679B.370(2).

[19]108 Nev. 37, 40-41, 823 P.2d 901, 903-04 (1992).

[20]118 Nev. 444, 450, 49 P.3d 651, 655 (2002) (quoting *Clark Co. Sch. Dist. v. Local Gov't*, 90 Nev. 442, 445, 530 P.2d 114, 117 (1974) (alteration in original)), *clarified by City of Henderson v. Kilgore*, 122 Nev. 331, 336 n.10, 131 P.3d 11, 15 n.10 (2006).

in *State, Department Commerce v. Interocean Risk*, we explained that NRS Chapter 685B, which creates jurisdiction over unauthorized insurers in the Insurance Commissioner and Nevada courts, would be meaningless if the Insurance Commissioner lacked authority to conduct hearings and impose penalties:

> [T]he purpose of Chapter 685B is to ''subject certain persons and insurers to the jurisdiction of the commissioner and the courts of this state . . . in any proceeding by the commissioner to enforce or effect full compliance with the insurance laws of this state.'' NRS 685B.010. Furthermore, the legislature has provided a penalty in NRS 685B.080 for the violation of this chapter. In order to effectively utilize the express powers bestowed upon the Insurance Division, as provided above, the Insurance Commissioner impliedly has the authority to impose the specified fines as a means of enforcing the dictates of the statutes. Any other interpretation would transform the Insurance Division into a watchdog without teeth, dependent upon the district courts for enforcement of the regulatory statutes that have been entrusted to the Insurance Division. Accordingly, the Insurance Division not only had the authority to conduct a hearing in accordance with the relevant statutes, it also had the authority to assess penalties as a means of enforcing Nevada's insurance code and deterring recurring violations of the code.[21]

Given the NDOI's exclusive original jurisdiction over this matter, we conclude that no private right of action exists under NRS 690B.012.[22]

*Proceedings before the NDOI*

The Insurance Companies argue that the Doctors have no standing to bring district court actions under NRS 690B.012, but do not expressly attack their standing to proceed before the NDOI. Rather, they indicate that the district court's ruling below was substantively correct because of the NDOI's exclusive original jurisdiction over enforcing the Code. A fair inference from that concession is that the Doctors do have administrative standing to seek enforcement of

---

[21]109 Nev. 710, 714, 857 P.2d 3, 5 (1993).

[22]To the extent that our decision in *Rosequist v. International Ass'n of Firefighters*, 118 Nev. 444, 448, 49 P.3d 651, 653 (2002), implies that a party whose exclusive remedy is administrative may, in addition to seeking judicial review under the Nevada Administrative Procedure Act, file a subsequent common-law action following agency exhaustion, we expressly overrule it. Because the Doctors' negligence and other claims stemmed solely from their untimely payment allegations, those claims are also subject to the administrative scheme and NDOI's exclusive original jurisdiction.

NRS 690B.012. But, as indicated, the Insurance Companies contend that the Doctors had no standing to proceed in the district court action because the statutory claims are either non-assignable as a matter of law or, assuming assignability, the Doctors made no showing that they had obtained assignments to proceed on their patients' rights under the statute. Although our decision today renders that question moot as to the district court action, there remains the question of the Doctors' standing to proceed before the NDOI. We start our examination of this question with the statute itself. NRS 690B.012(1) states that an insurer must approve or deny a claim within thirty days, and if approved, pay the claim within thirty days of approval:

> Except as otherwise provided in subsections 2, 3 and 4, an insurer shall approve or deny a claim of its insured relating to a contract of casualty insurance within 30 days after the insurer receives the claim. If the claim is approved, the insurer shall pay the claim within 30 days after it is approved. If the approved claim is not paid within that period, the insurer shall pay interest on the claim at the rate of interest established pursuant to NRS 99.040. The interest must be calculated from the date the payment is due until the claim is paid.

While NRS 690B.012 specifies various actions that must be taken by the insurer, it does not specify who may make a claim on behalf of the insured. The statute is simply silent on whether the claim must be made by the insured or if someone else may proceed to ensure the statute's enforcement. Thus, we conclude that the statute is unclear. We will therefore examine this legislative scheme in its totality to discern the Legislature's intent.[23]

NRS 679B.310(2)(b) states that the Insurance Commissioner shall hold a hearing "[u]pon written application . . . by a person aggrieved by any . . . failure of the Commissioner to act." Accordingly, pursuant to NRS 679B.370(2) and NRS 679B.310(2), a medical provider who is aggrieved because the Insurance Commissioner has failed to enforce the late payment provisions contained in NRS 690B.012 may apply for a hearing before the Insurance Commissioner and petition for judicial review if the application is denied or the Insurance Commissioner refuses or fails to hear the matter.

Importantly, NRS 679B.370, which outlines claim procedures before the NDOI, provides that persons who are aggrieved by the Insurance Commissioner's order or failure to hold a hearing may petition for judicial review:

---

[23]*See County of Clark v. Upchurch*, 114 Nev. 749, 753, 961 P.2d 754, 757 (1998); *U.S. Design & Constr. v. I.B.E.W. Local 357*, 118 Nev. 458, 461, 50 P.3d 170, 172 (2002).

1. Except as to matters arising under chapter 686B of NRS other than those grievances of employers that must be appealed to the appeals panel for industrial insurance, an appeal from the Commissioner must be taken only from an order on hearing, or as to a matter on which the Commissioner has refused or failed to hold a hearing after application therefor under NRS 679B.310, or as to a matter concerning which the Commissioner has refused or failed to make his order on hearing as required by NRS 679B.360.

2. Any person who was a party to a hearing or whose pecuniary interests are directly and immediately affected by any such refusal or failure, and who is aggrieved by the order, refusal or failure, may petition for judicial review in the manner provided by chapter 233B of NRS.

Under NRS 679B.370(2), an individual who was "a party to a hearing" and who was "aggrieved by [an] order" may petition for judicial review. Going further, NRS 679B.370 also permits a petition for judicial review when a person's "pecuniary interests [have been] directly and immediately affected by any . . . refusal or failure"[24] by the Commissioner "to hold a hearing after application . . . under NRS 679B.310,"[25] if aggrieved thereby. Because NRS 679B.370 indicates that those with pecuniary interests at stake may petition for judicial review, it follows that these are the same type of persons who are permitted to apply to the Commissioner for relief in the first instance, as they would be aggrieved by the Commissioner's failure to enforce the Code. Accordingly, medical providers with a pecuniary interest in the Commissioner's enforcement of the prompt-pay statute may apply for a hearing in the first instance under NRS 679B.310(2)(b).

In most instances, medical providers will be the only persons with a direct and immediate pecuniary interest in the Commissioner's refusal or failure to hear a claim challenging the promptness of a payment under NRS 690B.012. Because patients allow medical providers to collect payment for their claims, patients generally are not concerned if the payment is late. However, as persons with a direct and immediate pecuniary interest in prompt payments, NRS 679B.310(2)(b) and NRS 679B.370(1) grants medical providers a right to apply to the Commissioner for redress and, then, if aggrieved, petition for judicial review of "matter[s] on which the Commissioner has refused or failed to hold a hearing after application . . . under NRS 679B.310." This right is inde-

---

[24] NRS 679B.370(2).

[25] NRS 679B.370(1).

pendent of the rights of the patient and, thus, no formal assignment of rights is required.

## CONCLUSION

We conclude that the district court erred in granting declaratory relief finding a private right of action in favor of the Doctors under NRS 690B.012. The NDOI has exclusive original jurisdiction to resolve claims that NRS 690B.012 was violated, subject only to the rights of aggrieved parties to proceed with judicial review under the Nevada Administrative Procedure Act. This statutory scheme precludes private actions originating in district court claiming awards of statutory damages and interest under NRS 690B.012. We note that our ruling today does not foreclose actions for tortious and contractual bad faith against first-party insurers. It simply restricts recovery of payments and interest under NRS 690B.012 to the administrative realm.

We also conclude that the statutory scheme demonstrates that the Legislature intended for medical providers to have the right to petition for judicial review after applying for a hearing pursuant to NRS 679B.310 for alleged violations of NRS 690B.012.

Accordingly, while we affirm the district court's order to the extent that it concluded that the Doctors must first exhaust their administrative remedies, we reverse the district court's order to the extent that it granted declaratory relief determining that the Doctors have a private right of action in the district court under NRS 690B.012.

MAUPIN, C. J., GIBBONS, DOUGLAS, CHERRY and SAITTA, JJ., concur.