**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KAI WEAVER, on behalf of herself and
all others similarly situated,

          Plaintiff - Appellant,

  v.

AETNA LIFE INSURANCE COMPANY,
et al.,

          Defendants - Appellees.

No. 08-17512

D.C. No. 3:08-00037-LRH-VPC

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted February 12, 2010
San Francisco, California

Before: GOODWIN, BERZON and IKUTA, Circuit Judges.


      Kai Weaver appeals from the judgment dismissing without prejudice under

Fed. R. Civ. P. 12(b)(6) her first amended, class-action complaint alleging financial

injury to class members, who purchased a group life-insurance policy from Aetna

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Life Insurance Company, administered by Western Insurance Specialities, Inc. The alleged loss is premiums paid, commencing in 2004, for the group policy that allegedly was not finalized until 2006. This court reviews a district court's dismissal under Fed. R. Civ. P. 12(b)(6) de novo and "can affirm on any ground supported by the record." *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).

Standing is the "essential and unchanging part of the case-or-controversy requirement of Article III" for a plaintiff's case. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (citation and internal quotation marks omitted). Although economic injury can satisfy Article III injury-in-fact, *see Clinton v. City of New York*, 524 U.S. 417, 432-33 (1998), Weaver did not allege that she made a claim for which payment was not received during the time that she paid premiums or that the policy for which she and other members of the purported class paid was worth less than they paid for it; she excluded from the class all insureds who received benefits payments for claims on the group policy. Thus, she has failed to show that she did not receive the benefit of the group-insurance contract or that the policy did not

2

exist, because benefits were paid to insureds who made claims. Therefore, Weaver has shown no injury-in-fact to support standing. Similarly, to proceed in federal court, Weaver's state-law claims have failed to "meet the stricter federal standing requirements of Article III." *Cantrell v. City of Long Beach*, 241 F.3d 674, 683 (9th Cir. 2001).

Weaver's allegations that the group-insurance policy did not meet formation requirements implicate compliance with Nevada regulatory insurance law. Any right to relief for Weaver's claims alleging violation of the Nevada Insurance Code resides exclusively with the Insurance Commissioner, Nev. Rev. Stat. § 686A.015(1), and the Nevada Supreme Court has held that there can be no private right of action related to the regulatory requirements for insurers in Nevada. *Allstate Ins. Co. v. Thorpe*, 170 P.3d 989, 994 (Nev. 2007); *accord Baldonado v. Wynn Las Vegas*, LLC, 194 P.3d 96, 104 n.32 (Nev. 2008) (confirming *Thorpe* that the exclusive jurisdiction of the Insurance Commissioner precludes a private cause of action). Federal courts in diversity cases "are bound by the pronouncements of the state's highest court on applicable state law" and cannot review by declaratory judgment Nevada insurance law. *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001).

**AFFIRMED.**



*Weaver v. Aetna Life Insurance Company*, 08-17512

BERZON, Circuit Judge, concurring:

I agree that the judgment of the district court should be affirmed.