MEMORANDUM *
Kai Weaver appeals from the judgment dismissing without prejudice under Fed. R.Civ.P. 12(b)(6) her first amended, class-action complaint alleging financial injury to class members, who purchased a group life-insurance policy from Aetna Life Insurance Company, administered by Western Insurance Specialities, Inc. The alleged loss is premiums paid, commencing in 2004, for the group policy that allegedly was not finalized until 2006. This court reviews a district court’s dismissal under Fed.R.Civ.P. 12(b)(6) de novo and “can affirm on any ground supported by the record.” Thompson v. Paul, 547 F.3d 1055, 1058-59 (9th Cir.2008).
Standing is the “essential and unchanging part of the case-or-controversy requirement of Article III” for a plaintiffs case. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). “A plaintiff must allege personal injury fairly traceable to the defendant’s allegedly unlawful conduct and likely to be redressed by the requested relief.” Daimler Chrysler Conp. v. Cuno, 547 U.S. 332, 342, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006) (citation and internal quotation marks omitted). Although economic injury can satisfy Article III injury-in-fact, see Clinton v. City of New York, 524 U.S. 417, 432-33, 118 S.Ct. 2091, 141 L.Ed.2d 393 (1998), Weaver did not allege that she made a claim for which payment was not received during the time that she paid premiums or that the policy for which she and other members of the purported class paid was worth less than they paid for it; she excluded from the class all insureds who received benefits payments for claims on the group policy. Thus, she has failed to show that she did not receive the benefit of the group-insurance contract or that the policy did not exist, because benefits were paid to insureds who made claims. Therefore, Weaver has shown no injury-in-fact to support standing. Similarly, to proceed in federal court, Weaver’s state-law claims have failed to “meet the stricter federal standing requirements of Article III.” Cantrell v. City of Long Beach, 241 F.3d 674, 683 (9th Cir.2001).
Weaver’s allegations that the group-insurance policy did not meet for *824 mation requirements implicate compliance with Nevada regulatory insurance law. Any right to relief for Weaver’s claims alleging violation of the Nevada Insurance Code resides exclusively with the Insurance Commissioner, Nev.Rev.Stat. § 686A.015(1), and the Nevada Supreme Court has held that there can be no private right of action related to the regulatory requirements for insurers in Nevada. Allstate Ins. Co. v. Thorpe, 123 Nev. 565, 170 P.3d 989, 994 (2007); accord Baldonado v. Wynn Las Vegas, LLC, 194 P.3d 96, 104 n. 32 (Nev.2008) (confirming Thorpe that the exclusive jurisdiction of the Insurance Commissioner precludes a private cause of action). Federal courts in diversity cases “are bound by the pronouncements of the state’s highest court on applicable state law” and cannot review by declaratory judgment Nevada insurance law. Ticknor v. Choice Hotels Int’l, Inc., 265 F.3d 931, 939 (9th Cir.2001).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.