An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LBT, LLC, A NEVADA LIMITED LIABILITY COMPANY,<br>Appellant,<br>vs.<br>SKY VISTA ASSOCIATES, A NEVADA LIMITED PARTNERSHIP; SILVERWING DEVELOPMENT, A NEVADA CORPORATION; SKY VISTA HOMEOWNERS ASSOCIATION, A NEVADA NON-PROFIT CORPORATION; CITY OF RENO, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA; AND WASHOE COUNTY SCHOOL DISTRICT, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA,<br>Respondents. | No. 60160 |
| LBT, LLC, A NEVADA LIMITED LIABILITY COMPANY,<br>Appellant,<br>vs.<br>SKY VISTA ASSOCIATES, A NEVADA LIMITED PARTNERSHIP; SILVERWING DEVELOPMENT, A NEVADA CORPORATION; SKY VISTA HOMEOWNERS ASSOCIATION, A NEVADA NON-PROFIT CORPORATION; CITY OF RENO, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA; AND WASHOE COUNTY SCHOOL DISTRICT, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA,<br>Respondents. | No. 60747 |

**FILED**

JUN 2 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _R. Malone_
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated appeals from a district court order dismissing a real property declaratory relief action and a post-judgment

SUPREME COURT
OF
NEVADA

(O) 1947A

13-18613

order granting attorney fees and costs. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellant LBT, LLC, brought an action against respondent developers Sky Vista Associates, LLC, and Silverwing Development and respondent property owner Sky Vista Homeowners Association for declaratory relief and reformation, seeking amendment of a final subdivision tract map for a planned unit development. LBT, the adjacent property owner to the parcel at issue, wished to include an access easement benefiting its property that it claims was excluded by mistake when the final map was approved. The district court ultimately found that it lacked jurisdiction because LBT failed to exhaust administrative remedies and dismissed the action. The district court subsequently awarded attorney fees to Sky Vista Homeowners Association under NRS 18.010. These appeals followed.[1]

On appeal, we consider de novo whether LBT's predecessors failed to exhaust administrative remedies, effectively ending the case. *Wyeth v. Rowatt*, 126 Nev. ___, ___, 244 P.3d 765, 775 (2010) (stating that we review legal questions de novo). While the failure-to-exhaust doctrine was once couched in terms of jurisdiction, this court has since made it clear that the failure to exhaust administrative remedies results in the controversy being unripe for review and renders it nonjusticiable. *Allstate Ins. Co. v. Thorpe*, 123 Nev. 565, 571, 170 P.3d 989, 993 (2007). Because LBT's predecessors did not properly participate in the administrative process and exhaust administrative remedies, having failed to appeal the Reno City Council's decision approving the final map, we conclude that the

---

[1]The parties are familiar with the facts and we do not recount them further except as necessary for our disposition.

issue was not ripe for review. *See Mesagate Homeowners' Ass'n v. City of Fernley*, 124 Nev. 1092, 1100-01, 194 P.3d 1248, 1254 (2008). Pursuant to NRS 278.3195(1) and (4), a petition for judicial review can only be filed in the district court by a person who administratively appealed the decision.[2] Because this failure to exhaust remedies bars judicial review of the contested map provisions, we affirm the district court's decision granting an NRCP 12(b)(5) motion to dismiss.[3]

---

[2]While LBT argues that its predecessors were not aggrieved, and thus could not appeal, we conclude that under the plain language of NRS 278.3195 and Reno Land Development Code § 18.06.208, LBT's predecessors were aggrieved and entitled to appeal the approval of the final map. In fact, they appeared numerous times to discuss and challenge the tentative map.

[3]LBT also argues that neither it nor its predecessors were provided with notice of the error, depriving it of the opportunity to file an appeal or take any action. NRS 278.0235 limits judicial review "with respect to any final action, decision or order of any governing body, commission or board . . . unless the action or proceeding is commenced within 25 days after the date of filing of notice of the final action, decision or order . . . ." The scope of NRS 278.0235 concerning notice provisions for applicants, *see Cnty. of Clark v. Doumani*, 114 Nev. 46, 51-52, 952 P.2d 13, 16-17 (1998), *overruled on other grounds by Kay v. Nunez*, 122 Nev. 1100, 1104, 146 P.3d 801, 804 (2006), is not the same type of notice due to non-applicants such as LBT and its predecessors. We conclude that public recordation is sufficient to apprise a non-applicant of the approval of a final map. *See, i.e., Hubbard v. Planning Comm'n of Ridgefield*, 196 A.2d 760, 763 (Conn. 1963); *Caron v. City of Auburn*, 567 A.2d 66, 67 (Me. 1989); *Lizak v. Faria*, 476 A.2d 1189, 1198-99 (N.J. 1984). Here, when the final map was approved, it was recorded and was readily available to the public, including LBT and its predecessors. Moreover, the record demonstrates that LBT's predecessors had representatives participating in the Reno City Planning Commission meetings wherein the map was publicly presented and discussed, and did not object to the map being recorded as is. Therefore, we conclude that LBT's predecessors had sufficient notice of the map's contents and could have timely filed a challenge.

Accordingly, we[4]

ORDER the judgment of the district court AFFIRMED.[5]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Brent T. Adams, District Judge
       Jonathan L. Andrews, Settlement Judge
       Prezant & Mollath
       Reno City Attorney
       Kreitlen & Walker
       Kern & Associates, Ltd.
       Washoe County School District Legal Department
       Washoe District Court Clerk

---

[4]LBT also challenges the award of attorney fees. We conclude that the award was proper, as it was undisputed that LBT's predecessors failed to exhaust administrative remedies. Because the complaint was brought without reasonable grounds and NRS 18.010(2)(b) must be liberally construed in favor of awarding attorney fees when appropriate, we affirm the award. *See* NRS 18.010(2)(b); *Baldonado v. Wynn Las Vegas*, 124 Nev. 951, 968, 194 P.3d 96, 107 (2008).

[5]Due to the resolution of this appeal on ripeness grounds, we decline to reach the parties' remaining contentions.