[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 8, 2007
THOMAS K. KAHN
CLERK

No. 06-13710
Non-Argument Calendar
_____

D. C. Docket No. 05-20374-CV-DLG

OZA B. JENKINS,

Plaintiff-Appellant,

versus

LENNAR CORPORATION,
DUANE MORRIS & HECKSCHER,
TOWER HILL INSURANCE COMPANY,

Defendants-Appellees,

SUNCOAST CONSTRUCTION GROUP,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 8, 2007)**

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Oza B. Jenkins appeals the district court's grant of summary judgment to Lennar Corporation ("Lennar"), the law firm of Duane Morris & Heckscher ("Duane Morris"), and Tower Hill Insurance Company ("Tower Hill") in her *pro se* action brought under 42 U.S.C. § 1983. On appeal, Jenkins argues that we should affirm the entry of default judgment in her favor and that the district court did not enter a final judgment because it did not rule on her motions for default judgment. This argument is without merit, however, because the district court's order granting summary judgment specifically denied all pending motions as moot. Jenkins also argues that the district court erred by converting Tower Hill's motion to dismiss into a motion for summary judgment because the dismissal motion was untimely. This argument is also without merit because Tower Hill's 12(b)(6) motion was not untimely, *see* Fed.R.Civ.P. 12(h)(2), and because the district court properly construed the dismissal motion as a motion for summary judgment, which can be filed at any time. *See* Fed.R.Civ.P. 56(b). On the merits of the district court's order granting summary judgment, Jenkins argues that the district court erroneously applied the doctrine of *res judicata*.

Before granting summary judgment in favor of Lennar, Duane Morris, and Tower Hill, the district court granted a motion by Suncoast Construction Group ("Suncoast") to dismiss for lack of subject-matter jurisdiction on the grounds that Jenkins failed to allege facts showing a basis for federal jurisdiction.[1]

We are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking and must be satisfied not only to our own jurisdiction, "but also of that of the lower courts in a cause under review." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir.) (citation omitted), *cert. denied,* 126 S. Ct. 377 (2005). We have held that, when the district court lacks subject-matter jurisdiction, it should dismiss the complaint "*sua sponte* if necessary, pursuant to Fed.R.Civ.P. 12(h)(3)" instead of entering summary judgment on the merits. *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003).

To bring an action in a federal district court, a claim generally must involve (1) a federal question, 28 U.S.C. § 1331, or (2) diversity of citizenship between the parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332; *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). The record demonstrates that Jenkins's action failed to satisfy the jurisdictional requirements of either § 1331 or § 1332. First, according to Jenkins's complaint, all of the

_____

[1] Suncoast is not a party to this appeal. Jenkins did not serve Suncoast with her appellate brief, and Suncoast did not enter an appearance.

3

parties are citizens of Florida, so diversity of citizenship is not applicable. Second, Jenkins failed to present the district court with a federal question because, although she asserts that she is bringing her claim pursuant to 42 U.S.C. § 1983, none of the defendants could be liable under § 1983.

To obtain relief in a § 1983 action, the plaintiff "must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). A private party is viewed as a "state actor" for § 1983 purposes only if one of the following three conditions is met: (1) the state coerced or significantly encouraged the alleged unconstitutional action; (2) the private parties performed a public function that was traditionally the state's exclusive prerogative; or (3) the state became a joint participant because it insinuated itself into a position of interdependence with the private parties. *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). Here, the defendants are all private parties, and Jenkins did not allege any facts that would establish that any of the parties met any of the conditions to be considered a state actor.

The district court did not, however, exercise its *sua sponte* authority to dismiss the claims against Lennar, Duane Morris, and Tower Hill for lack of subject-matter jurisdiction, and instead allowed the litigation to continue until it

4

granted summary judgment in their favor.  We conclude from the record that the district court should have dismissed the entire complaint for lack of subject-matter jurisdiction.  *See Nat'l Parks Conservation Ass'n*, 324 F.3d at 1240.

Therefore, we vacate the district court's order granting summary judgment and remand this case with instructions to the district court to dismiss the complaint against Lennar, Duane Morris, and Tower Hill for lack of jurisdiction. Accordingly, we do not reach the question of whether *res judicata* applied in this case.

**VACATED AND REMANDED.**